**Kathy SCHWEISS, Plaintiff/Respondent,**

v.

**SISTERS OF MERCY, ST. LOUIS, INC., Defendant/ Appellant.**

No. 71329.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 24, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 26, 1997.

Application to Transfer Denied
Sept. 30, 1997.

Keith A. Rabenberg, Jeffery T. McPherson, St. Louis, for Appellant.

Stephen F. Meyerkord, Prudence W. Kramer, St. Louis, for Respondent.

CRANDALL, Judge.

Plaintiff, Kathy Schweiss brought this action against defendant, Sisters of Mercy, St. Louis, Inc. (Sisters of Mercy) to compel payment of her unpaid medical bills to her medical providers. Sisters of Mercy appeals from the trial court's grant of summary judgment in favor of Schweiss. We affirm.

Kathy Schweiss pays a monthly premium on a contract for health care provided by her employer, Sisters of Mercy. The plan covers Schweiss and her children. It provides, in pertinent part, that if a covered person is injured by a third party and the plan covers the medical expenses, the covered person must agree to reimburse the plan if he or she recovers damages from the third party.

Schweiss and her son were involved in an automobile accident. Their covered medical expenses were approximately $100,000.00. Schweiss and her family brought an action for damages against the other driver involved in the accident.

Pursuant to the health plan, Sisters of Mercy required Schweiss to sign a "reimbursement" agreement before it would pay the medical expenses she incurred. When Schweiss refused to sign the agreement, the plan refused to pay the expenses.

Schweiss and Sisters of Mercy both filed motions for summary judgment. The trial court granted Schweiss' motion and entered judgment accordingly.

The issue on appeal is whether the trial court erred in finding the reimbursement provision of the health care plan unenforceable.

■ It is conceded by Sisters of Mercy that Missouri law prohibits the assignment of bodily injury claims for reasons of public policy. *Forsthove v. Hardware Dealers Mutual Fire Ins. Co.*, 416 S.W.2d 208, 217 (Mo. App.1967). It is also clear that a health care insurer may not be subrogated to its insured's right to recover from a third party tort-feasor because it would constitute an impermissible partial assignment of the insured's action for damages for bodily injury. *Travelers Indemnity Co. v. Chumbley*, 394 S.W.2d 418, 425 (Mo.App.1965).

■ Sisters of Mercy argues that the reimbursement provision at issue in this case is different from *Forsthove* and *Travelers* because it involves the assignment of the *proceeds*, not an assignment of the *claim*. Although this may be a distinction, it is a distinction without a difference.

■ In *Waye v. Bankers Multiple Line Ins. Co.*, 796 S.W.2d 660 (Mo.App.1990), the appellate court considered a similar reimbursement provision. The court held that the effect of the reimbursement provision

was the assignment of an action for bodily injury and invalid as against public policy. *Waye v. Bankers Multiple Line Ins. Co.*, 796 S.W.2d 660 (Mo.App.1990). We find *Waye* persuasive. We hold that the reimbursement provision in question is invalid as against public policy.

The judgment of the trial court is affirmed.

AHRENS, C.J., and ROBERT E. CRIST, Senior Judge, concur.