# FORD MOTOR CREDIT COMPANY, Respondent,

## v.

# ALLSTATE INSURANCE COMPANY, Appellant.

### No. WD 55892.

Missouri Court of Appeals, Western District.

Feb. 23, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 1999.

Application for Transfer Sustained June 1, 1999.

Case Retransferred Oct. 26, 1999.

Court of Appeals Opinion Readopted Oct. 29, 1999.

Charles Gentry, Jefferson City, for appellant.

Christopher Rackers, Jefferson City, for respondent.

PAUL M. SPINDEN, Judge.

Allstate Insurance Company appeals the circuit court's judgment enforcing a lien in favor of Ford Motor Credit Company on the proceeds of an insurance settlement. Allstate contends that the lien was unenforceable because it was void against public policy prohibiting assignment of a claim for personal injury. For the reasons outlined in this opinion, we affirm the circuit court's judgment.

The dispute arose out of a dispute between Steven Clerkley and Ford Motor Credit after Clerkley defaulted on his automobile loan in October 1996. On January 15, 1997, Ford Motor Credit sued him in circuit court for payment of the loan.[1] Clerkley told Ford Motor Credit's representative that he had a potential personal injury claim pending which emanated from an automobile collision. The driver of the

other car, he said, had liability insurance issued by Allstate, and he was expecting a settlement check from Allstate. Ford Motor Credit agreed to drop its lawsuit against him in exchange for his giving it a lien on, and an assignment of, any proceeds which he might receive from Allstate.

On March 21, 1997, Clerkley entered into a "Lien Agreement and Assignment" with Ford Motor Credit. This agreement granted to Ford Motor Credit a lien on any proceeds from the expected settlement and assigned the proceeds from any settlement in an amount sufficient to satisfy the unpaid balance of the loan.

On April 15, 1997, Ford Motor Credit sent a copy of the agreement to Allstate's claims representative. Allstate's representative, Deanna Swan, responded by sending a letter to Ford Motor Credit on May 6, 1997, in which she said:

> We cannot agree to Paragraph I in the agreements [sic] section: "Said lien shall take priority over all other liens, including, but not limited to hospital liens, medicaid liens, attorney's liens, or judgment liens."
>
> We cannot agree to give this lien priority over any of those liens listed in the quoted portion above. In fact, the only way we could agree to honor this lien fully would be if those liens listed above be given priority over this lien and that some additions be made to above paragraph.
>
> The following change would be acceptable:
>
> "Said lien shall take priority over all other liens except, [sic] hospital liens, medicaid liens, medicare liens, other government liens, attorney's liens, or judgment liens."
>
> If you are in agreement, please forward [a] new lien agreement and assignment to my attention.

---

1. The record does not provide any details concerning the automobile which was collat-

eral for the loan.

Ford Motor Credit reworded the agreement as suggested by Swan and sent it back to Allstate on May 16, 1997.

Apparently believing that Allstate had agreed to honor its agreement with Clerkley if it altered the priority provision as suggested by Allstate, Ford Motor Credit dismissed its suit against Clerkley. On September 5, 1997, Allstate notified Ford Motor Credit that it had settled the personal injury action with Clerkley directly without putting Ford Motor Credit's name on the settlement check or without any other recognition of the lien. Ford Motor Credit did not receive any funds from Allstate or from Clerkley.

Ford Motor Credit sued Clerkley and Allstate on September 17, 1997. Ford Motor Credit dismissed its suit against Clerkley when authorities were unable to serve him with process. In the petition's remaining counts, Ford Motor Credit prayed for $16,309.80 plus interest from Allstate in enforcement of the lien on the basis of its contract with Clerkley and, in the alternative, on a theory of promissory estoppel. After trial, the circuit court entered judgment on April 23, 1998, for Ford Motor Credit for $16,309.80 on the grounds that the lien was enforceable and that Allstate was estopped from denying the lien because of its promise to acknowledge it. Allstate appeals.

Because this was a court-tried case based on stipulated facts and did not require the circuit court to resolve conflicting testimony, the only issue for us to consider is whether the circuit court reached the proper legal conclusions from the facts stipulated. *Schroeder v. Horack*, 592 S.W.2d 742, 744 (Mo. banc 1980). In reviewing the circuit court's interpretations of stipulated facts, we employ general rules governing the construction of contracts. *Howard v. Missouri State Board of Education*, 847 S.W.2d 187, 190–91 (Mo. App.1993).

Allstate contends that the circuit court erred in determining that the lien was valid and enforceable against Allstate because the underlying agreement amounted to an assignment of a claim for personal injuries, and assignment of a claim for personal injuries is unenforceable because it is contrary to public policy.[2] Ford Motor Credit responds that, to the extent that the agreement was a *lien* on a claim and not an *assignment* of a claim, it was enforceable. We agree with Ford Motor Credit.

A lien is a charge *on* property—as opposed to a right in the property itself—for payment or discharge of a debt or duty. *Estate of Griffitts*, 938 S.W.2d 621, 624 (Mo.App.1997); *St. Louis Investment Properties, Inc. v. Metropolitan St. Louis Sewer District*, 873 S.W.2d 303, 307 (Mo.App.1994). An assignment transfers to another all or part of one's property, interest, or rights. It is a right *in* the property itself. *Schaffer v. Board of Education of City of St. Louis*, 869 S.W.2d 163, 168 (Mo.App.1993); *Farmers Insurance Company, Inc. v. Effertz*, 795 S.W.2d 424, 426 (Mo.App.1990).

Clerkley agreed to Ford Motor Credit's placing a charge *on* Clerkley's property (any payment he received from Allstate in settlement of his claim emanating from the March 16, 1996, collision). It clearly granted Ford Motor Credit a lien on the expected settlement. We find no prohibition in law or policy which prohibits the granting of a lien on the proceeds of an anticipated settlement of an insurance claim.

Allstate wrongly assumes that a lien is a form of assignment and relies heavily on *Schweiss v. Sisters of Mercy, St. Louis, Inc.*, 950 S.W.2d 537 (Mo.App.1997), in which this court's Eastern District considered a contention that assignment of a claim's *proceeds* was different from as-

---

**2.** Allstate did not dispute the contract's validity or raise an issue concerning the contract's provision that Ford Motor Credit's only reme-

dy was against Clerkley if any entity failed to acknowledge the lien agreement.

signing the claim. The *Schweiss* court commented, "Although this may be a distinction, it is a distinction without a difference." *Id.* at 538. The court did not explain why it was a distinction without a difference. Given our understanding of the public policy underlying the prohibition against assignment of a claim, we do not discern that a lien in this case violates public policy.[3]

The general principle that public policy prohibits assignment of a personal injury claim has become so engrained in Missouri case law that courts typically enunciate the bare principle without explaining its rationale.[4] This court captured the policy's essence, we believe, when we commented that its purpose was to keep "unscrupulous people" from purchasing causes of action and trafficking in lawsuits for pain and suffering. *Marshall v. Northern Assurance Company of America*, 854 S.W.2d 608, 610 (Mo.App.1993) (considering judgment against underinsured motorist who executed covenant to pay insurance policy limits in exchange for not being subject to garnishment).

This case does not involve a barter or trade by Ford Motor Credit for Clerkley's claim. We found no indication that Ford Motor Credit had the power to do anything to further or to pursue Clerkley's claim. Had Clerkley chosen to abandon his claim, Ford Motor Credit would have been powerless to stop him. Clerkley granted Ford Motor Credit a lien *on* any proceeds he was to receive from Allstate, not an assignment of the property itself.

Because this does not offend public policy in any way which we can discern, we affirm the circuit court's decision to enforce the lien. Because we reach this decision, we need not concern ourselves with the remaining issues of whether Clerkley's assignment of the proceeds was enforceable and whether the circuit court properly applied the doctrine of promissory estoppel.

PATRICIA BRECKENRIDGE, Chief Judge presiding, and LAURA DENVIR STITH, Judge, concur.

---

3. Schweiss also involved subrogation, not involved in this case. Although we surmise that the outcome of this case would be different had Clerkley's and Ford Motor Credit's agreement involved subrogation, we need not pass on that issue to resolve this dispute.

4. Even when the courts first enunciated the principle, they did so cryptically. The first mention we can find was by this court's Southern District which said, in rather conclusory fashion, "There is every reason for holding that a cause of action for personal injuries, where the gist of the damages recovered is physical pain and mental anguish, should not be the subject of barter or trade, or a matter of profit to the creditors of the injured party." *Beechwood v. Joplin–Pittsburg Railway Company*, 173 Mo.App. 371, 158 S.W. 868, 870 (1913).