MARVIN'S MIDTOWN CHIROPRACTIC CLINIC, L.L.C., Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.; American Family Mutual Insurance Company, Respondents.

No. WD 63311.

Missouri Court of Appeals,
Western District.

June 1, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 27, 2004.

Application for Transfer Denied Sept. 28, 2004.

---

Jerry W. Potocnik, Blue Springs, MO, Attorney for Appellant.

Michael E. McCausland, Kansas City, MO, for State Farm Insurance.

Michael P. Waddell, Kansas City, MO, for American Family Insurance.

Before ROBERT G. ULRICH, P.J., HAROLD L. LOWENSTEIN and EDWIN H. SMITH, JJ.

ROBERT G. ULRICH, Presiding Judge.

Marvin's Midtown Chiropractic Clinic, L.L.C. ("Clinic") appeals the summary judgment entered in favor of State Farm Mutual Automobile Insurance Company and American Family Mutual Insurance Company (collectively "Insurance Companies") on its petition for declaratory judgment to determine the validity of a number of liens on the proceeds of personal injury claims of its patients.[1] Clinic claims that the trial court erred in declaring that the agreements with its patients are assignments rather than liens and, thus, are contrary to public policy and void. The judgment of the trial court is reversed, and the case is remanded.

## UNDISPUTED FACTS

Clinic, located in Kansas City, delivers chiropractic health care to persons injured in motor vehicle accidents. Insurance Companies are engaged in the business of insuring Missouri motorists under the financial responsibility laws of the State of Missouri and, as part of this business, adjusts and pays bodily injury claims made by persons injured in motor vehicle collisions. When patients present to Clinic for treatment of their accident injuries, they grant to Clinic a lien on the proceeds of their personal injury claims. The lien states specifically, "Patient grants unto

---

1. Clinic also appeals the trial court's denial of its motion for summary judgment. Insurance Companies, however, argue and Clinic concedes in its reply brief that the denial of a motion for summary judgment is not a final, appealable order. *See Lawrey v. Reliance Ins.*

*Co.,* 26 S.W.3d 857, 864 (Mo.App. W.D.2000). Clinic, therefore, abandoned its second point relied on and only challenges the trial court's grant of Insurance Companies' motion for summary judgment.

Clinic a lien upon the proceeds of Patient's personal injury claim against the person(s) or party(ies) responsible for Patient's injuries in the exact amount necessary to pay the reasonable charges for the necessary treatment to Patient's injuries rendered by Clinic." The lien also grants to Clinic "a limited power of attorney to sign Patient's name on any instrument issued solely to pay Patient's Clinic's care costs on which Patient is also a payee." Clinic then mails a notice of its liens to Insurance Companies. The notice of lien provides that Clinic "claims a lien for services pursuant to *Ford Motor Credit Co. v. Allstate*, 2 S.W.3d 810 (Mo.App. W.D.1999) upon any and all claims, counter claims, demands, suits or rights of action of [patient's name], whose address is [patient's address] on account of personal injury suffered on or about [date of accident] as a result of the negligence of your insured."

Clinic filed its first amended petition for declaratory judgment against Insurance Companies in December 2002 seeking a declaration that the liens are valid and enforceable against Insurance Companies. It filed its motion for summary judgment against American Family only in February 2003. In May 2003, Insurance Companies filed their joint motion for summary judgment. On August 22, 2003, the trial court granted Insurance Companies' joint motion for summary judgment and denied Clinic's, finding that the liens are assignments of personal injury claims and, thus, are void as against public policy. This appeal by Clinic followed.

## STANDARD OF REVIEW

Appellate review of a summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is upheld on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 377. The record is reviewed in the light most favorable to the party against whom judgment was entered, according that party all reasonable inferences that may be drawn from the record. *Id.* at 376. Facts contained in affidavits or otherwise in support of a party's motion are accepted as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.*

A defending party may establish a right to judgment as a matter of law by showing any one of the following: (1) facts that negate any one of the elements of the claimant's cause of action; (2) the non-movant, after an adequate period of discovery, has not and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements; or (3) there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense. *Id.* at 381.

Once the movant has established a right to judgment as a matter of law, the non-movant must demonstrate that one or more of the material facts asserted by the movant as not in dispute is, in fact, genuinely disputed. *Id.* The non-moving party may not rely on mere allegations and denials of the pleadings, but must use affidavits, depositions, answers to interrogatories, or admissions on file to demonstrate the existence of a genuine issue for trial. *Id.* The facts in the case presented are not contested, and the issue is one of law. Thus, the question is whether the trial court stated the proper legal conclusion based on the facts. *Schroeder v. Horack*, 592 S.W.2d 742, 744 (Mo. banc 1979).

## DISCUSSION

A lien is a charge *on* property for payment or discharge of a debt or

duty. *Ford Motor Credit Co. v. Allstate Ins. Co.,* 2 S.W.3d 810, 812 (Mo.App. W.D.1999)(emphasis in original). An assignment, on the other hand, transfers to another all or part of one's property, interest, or rights. *Id.* An assignment is a right *in* the property itself. *Id.* (emphasis in original). An assignment "divests the assignor of all right of control over the subject matter." *Marvin v. State Farm Mut. Auto. Ins. Co.,* 894 S.W.2d 712, 713 (Mo.App. W.D.1995).

■ In Missouri, public policy prohibits the assignment of a personal injury claim in whole or in part. *Hays v. Mo. Highways & Transp. Comm'n,* 62 S.W.3d 538, 540 (Mo.App. W.D.2001). Such prohibition was adopted by the courts of this state to prevent unscrupulous people from purchasing causes of action and trafficking in lawsuits for pain and suffering. *Ford Motor Credit,* 2 S.W.3d at 813 (citing *Marshall v. N. Assurance Co. of Am.,* 854 S.W.2d 608, 610 (Mo.App. W.D.1993)).

Clinic contends that the trial court erred in finding that its agreements with its patients constitute assignments of personal injury claims and, thus, are void as against public policy. Relying on *Ford Motor Credit Co. v. Allstate Ins. Co.,* 2 S.W.3d 810 (Mo.App. W.D.1999), Clinic argues that its patients merely granted it liens on the proceeds of the claims, which does not offend public policy.

In *Ford Motor Credit,* a lender sued an automobile liability insurer to enforce a lien that a borrower had granted on the insurance proceeds. The borrower defaulted on his automobile loan, and the lender sued him in circuit court for payment of the loan. *Id.* at 811. Lender agreed to drop its lawsuit against the borrower, an automobile accident victim, in exchange for his giving it a lien on any proceeds he might receive from the insurer as a result of his pending personal injury claim. *Id.* The agreement granted the lender a lien on any proceeds from the expected settlement in an amount sufficient to satisfy the unpaid balance of the loan. *Id.* The lender then sent a copy of the agreement to the insurer. *Id.* The insurer asked the lender to change some of the lien priority language in the agreement; and the lender reworded the agreement as suggested and sent it back to the insurer. *Id.*

Apparently believing that the insurer agreed to honor its agreement with the borrower if it altered the language of the agreement as suggested, the lender dismissed its suit against the borrower. *Id.* at 812. The insurer subsequently settled the personal injury action with the borrower without putting the lender's name on the settlement check or recognizing the lien in any other way. *Id.* The lender did not receive any funds from the borrower or the insurer and, thus, sued both. *Id.* The lender prayed for $16,309.80 plus interest from the insurer in enforcement of the lien on the basis of its contract with the borrower and, in the alternative, on the theory of promissory estoppel. *Id.* The trial court entered judgment for the lender for the requested amount on the grounds that the lien was enforceable and that the insurer was estopped from denying the lien because of its promise to acknowledge it; and the insurer appealed. *Id.*

The insurer argued on appeal that the underlying agreement between the lender and the borrower amounted to an assignment of a claim for personal injuries and that such assignment is unenforceable because it is contrary to public policy. *Id.* This court held that the agreement between the lender and the borrower was a lien and not an assignment; therefore, it was enforceable. *Id.* It explained that the borrower agreed to the lender's placing a

charge *on* the borrower's property rather than assigning to it the property itself and found "no prohibition in law or policy which prohibits the granting of a lien on the proceeds of an anticipated settlement of an insurance claim." *Id.* at 812–13 (emphasis in original). This court further explained that the case did not involve a barter or trade by the lender of the borrower's claim or that the lender had no power to do anything to further or pursue the borrower's claim; thus, public policy was not offended in the case. *Id.* at 813. It, therefore, affirmed the trial court's decision to enforce the lien and did not reach the issue of whether the trial court properly applied the doctrine of promissory estoppel. *Id.*

The instant case is analogous to *Ford Motor Credit.* Like the agreement in *Ford Motor Credit,* the agreements in this case between Clinic and its patients involved liens on the patients' claims, not assignments of the claims.[2] By executing the agreements with its patients, Clinic was not bartering for its patients' personal injury claims or trafficking in their pain and suffering. Instead, Clinic sought only to recover the value of the services supplied to the patients. The patients retained complete control over their personal injury cases. The agreements did not grant to Clinic the power to control or influence the patients' pursuit of third party tortfeasors. Clinic had no right to proceed against the third party tortfeasors even if its patients decided not to pursue their tort claims. The liens do not violate the law or public policy and are, thus, enforceable. The trial court, therefore, erred in entering summary judgment in

favor of Insurance Companies. The judgment is reversed, and the case is remanded for further proceedings.

HAROLD L. LOWENSTEIN and EDWIN H. SMITH, J., *concur.*

---

**2.** Also like in *Ford Motor Credit,* the agreements in this case did not involve subrogation. *Cf. Hays v. Mo. Highways & Transp. Comm'n,* 62 S.W.3d 538 (Mo.App. W.D.2001); *Schweiss v. Sisters of Mercy, St. Louis, Inc.,*

950 S.W.2d 537 (Mo.App. E.D.1997)(where agreements to reimburse health care plans from tort recoveries held void as against public policy).