# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN RE: JEFFREY J. SWAN AND
MAUREEN A. SWAN

No. 64808

SIERRA MEDICAL SERVICES, LLC,
Appellant,
vs.
YVETTE WEINSTEIN, CHAPTER 7
TRUSTEE,
Respondent.

**FILED**

**JAN 22 2016**

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER REGARDING NRAP 5 CERTIFICATION ORDER*

This NRAP 5 certified question asks whether a medical services financier asserting a lien against the personal property of a debtor-patient must file a UCC financing statement to perfect its interest in a bankruptcy proceeding. The certified order first classifies the right as "a lien" but subsequently states that "Sierra Medical Services [(SMS)] was the contractual assignee of [Las Vegas Radiology (LVR)]'s rights to payment for its services and lien rights in connection with the Claim." The contract signed by Maureen Swan uses the terms "lien" and "assignment" seemingly interchangeably, and notably never explicitly gives SMS an "interest [that] secures payment . . . of an obligation." NRS 104.1201(2)(ii).

NRAP 5(a) authorizes this court to answer certified "questions of law of this state which may be determinative of the case then pending in the certifying court." We believe that the question, as certified, requires an interpretation of the SMS contract which presents a mixed factual and legal inquiry that exceeds the scope of NRAP 5(a). Whether the SMS contract is a "lien" or "assignment" is critical to answering the certified

SUPREME COURT
OF
NEVADA

(O) 1947A

16-02229

legal inquiry that exceeds the scope of NRAP 5(a). Whether the SMS contract is a "lien" or "assignment" is critical to answering the certified question. "A lien is a security interest in property," *S.E.C. v. Credit Bancorp, Ltd.*, 297 F.3d 127, 138 (2d Cir. 2002), whereas an assignment is "a right in the property itself," *Ford Motor Credit Co. v. Allstate Ins. Co.*, 2 S.W.3d 810, 812 (Mo. Ct. App. 1999).

In an affidavit filed in the bankruptcy court proceedings and signed by the president of SMS, the president attempts to clarify the contractual relationship by stating that, under the contract, SMS receives an interest in personal injury claim proceeds in "full satisfaction of the amount at issue." He also states that when there are insufficient claim proceeds to compensate SMS, it takes a loss and does not further pursue collection against debtor-patients. Finally, the contract also references a "Master Assignment Agreement" between SMS and LVR, which was not included in the record provided to this court, but may be relevant to what interest was created in the contract signed by Swan.

As such, it is unclear whether the contract created a lien, a pure assignment, or an assignment of a lien. Such a determination cannot be made by this court pursuant to NRAP 5(a). Accordingly, this court requests that the United States Bankruptcy Court undertake the proceedings necessary to clarify this issue and, if appropriate, then submit an amended certification order to this court within 60 days.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Mike K. Nakagawa, Bankruptcy Court Judge
     Greene Infuso, LLP
     Schwartzer & McPherson Law Firm
     Clerk, U.S. Bankruptcy Court, Las Vegas, NV