

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| DR. DAVID EISENMENGER, D.C., | ) | |
| AND INJURY TREATMENT | ) | |
| CENTERS OF KANSAS CITY, | ) | |
| LLC., | ) | |
| Appellants, | ) | **WD87011** |
| v. | ) | |
| | ) | **OPINION FILED:** |
| | ) | **October 1, 2024** |
| | ) | |
| NATIONAL INDEMNITY | ) | |
| COMPANY, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable J. Dale Youngs, Judge**

**Before Division Two:** W. Douglas Thomson, Presiding Judge,
Karen King Mitchell and Janet Sutton, Judges

## Background

There is no dispute as to the following facts.  On October 24, 2020, Patients, among others, were riding in a party bus that was struck by another automobile, which then left the scene of the accident before its driver could be identified.  Patients were injured in the accident and sought chiropractic treatment from Providers.  Before

receiving treatment, Patients executed the Assignments to assign their rights to insurance

payments to Providers.  In pertinent part, the Assignments stated,

> In consideration of the Provider/s . . . waiving prepayment of the fees for their services, the patient/undersigned hereby assigns to the Provider/s . . . the patient/undersigned's right to make claim for benefits and payments to which the undersigned is entitled under any policy of insurance. The assignment is limited to the exact amount of all reasonable charges for necessary treatment delivered to the undersigned or anyone for whom the patient/undersigned is responsible and is covered under such policy.

> The patient/undersigned understands that this assignment empowers the Provider/s . . . to prosecute/litigate a claim in the undersigned's name or in the name of the mentioned Provider/s and Provider/s may compromise, settle, commence an action or otherwise resolve such claim as in Providers' discretion it deems fit.[1]

The Assignments did not include a severability clause.

At the time of the accident, an insurance policy issued by National provided

uninsured motorist coverage for the party bus and its passengers.  The policy provided

the following coverages that indemnify insureds for personal injury:  Auto Medical

Payments of $5,000 and Uninsured Motorist Coverage of $100,000 combined single limit

for bodily injury only.

Pursuant to the Assignments, Providers sought reimbursement from National for

the costs of treating Patients.  National declined to reimburse Providers, who then filed

---

[1] The Assignments also stated,

> The patient/undersigned understands this assignment does not relieve the undersigned from responsibility and liability for payment of such reasonable charges until such charges are recovered from an insurance company.  If there is no recovery or partial recovery of payment for such charges the undersigned remains liable for the amount not paid.

2

suit against National alleging breach of contract based on the Assignments. National filed a motion for judgment on the pleadings arguing that the Assignments are void under Missouri law because their broad language includes assignment of Patients' personal injury claims. Providers filed suggestions in opposition in which they argued the Assignments pertain to contractual rights of payment for medical expenses and not to rights to personal injury claims.

The motion court concluded that the Assignments "are void under Missouri law prohibiting the assignment of a personal injury claim – either in whole or in part." The court further stated, "[t]he broad language of the [A]ssignments forming the basis of [Patients'] claims violates this rule, thus voiding the [A]ssignments in their entirety." Accordingly, the court dismissed Providers' claims with prejudice. This appeal follows.

**Standard of Review**

"We review a court's grant of judgment on the pleadings *de novo*." *Blackwood, Langworthy & Tyson, LLC v. Knipp*, 571 S.W.3d 108, 114 (Mo. App. W.D. 2019). In doing so, we "decide whether the moving party is entitled to judgment as a matter of law on the face of the pleadings." *Id.* (quoting *Morgan v. Saint Luke's Hosp. of Kansas City*, 403 S.W.3d 115, 117 (Mo. App. W.D. 2013)). We treat the nonmovant's well-pleaded facts as admitted, and we affirm the judgment "only if review of the totality of the facts pleaded by the petitioner and the benefit of all reasonable inferences drawn therefrom reveals that petitioner could not prevail under any legal theory." *Id.* (quoting *Morgan*, 403 S.W.3d at 117). "When reviewing the grant of a motion for judgment on the pleadings, [we] consider[] solely whether the grounds raised in the motion supported

3

dismissal." *Olofson v. Olofson*, 625 S.W.3d 419, 428 (Mo. banc 2021) (quoting *City of Lake St. Louis v. City of O'Fallon*, 324 S.W.3d 756, 759 (Mo. banc 2010)).

## Argument

Providers raise one point on appeal. They assert the motion court erred in granting National's motion for judgment on the pleadings because the Assignments at issue were not void as assignments of a personal injury tort claim but, instead, were assignments of contract claims against Patients' first-party insurance carrier for medical expenses incurred by them.

"Missouri has a general public policy prohibiting the assignment of personal injury claims." *Parea v. Progressive Northwestern Ins. Co.*, 678 S.W.3d 167, 176 (Mo. App. W.D. 2023). "It is well settled that in Missouri, a claim for personal injury cannot be assigned, in whole or in part." *Hays v. Mo. Highways Transp. Comm'n*, 62 S.W.3d 538, 540 (Mo. App. W.D. 2001). "This prohibition was adopted by the courts of this state to prevent the 'trafficking of lawsuits for pain and suffering.'" *Id.* (quoting *Ford Motor Credit Co. v. Allstate Ins. Co.,* 2 S.W.3d 810, 813 (Mo. App. W.D. 1999). The prohibition is "long-recognized and well-established." *Huey v. Meek*, 419 S.W.3d 875, 878 (Mo. App. S.D. 2013) (quoting *Travelers Indem. Co. v. Chumbley,* 394 S.W.2d 418, 425 (Mo. App. 1965)).

*Hays* involved a Reimbursement Agreement that contained three key provisions. The first provision required a plan participant to reimburse the plan if the participant received any payment as a result of an injury caused by a third party. *Hays*, 62 S.W.3d at 541. The second provision assigned the proceeds of the plan participant's personal injury

4

claim. *Id.* The third provision advised the plan participant that the Plan might seek a lien on any recovery the participant obtained from a third-party tortfeasor. *Id.* at 542.

The *Hays* court determined that the first two provisions involved a partial assignment of the plan participant's rights in a personal injury claim.[2] *Id.* As such, the court found those provisions to be void as against public policy. *Id.* The court then concluded, "even if the third [provision] was sufficient to grant such a lien, an issue we do not reach, the invalidity of the [first two] provisions renders the entire Reimbursement Agreement void." *Id.* In reaching that conclusion, the court noted that the Reimbursement Agreement did not contain a severability clause. *Id.*

As the *Hays* court demonstrated, "[t]o decide the ultimate question of whether the [Assignments] are void on public policy grounds, we look to the documents themselves." *Id*. at 541. "In that process, the general rules of construction apply." *Id.* "We look first to the plain language of those documents." *Id.*

The first paragraph of each Assignment states that Patient assigns to Providers Patient's "right to make claim for benefits and payments to which [Patients are] entitled under any policy of insurance."[3] The second paragraph of each Assignment states Providers are "empower[ed] …to prosecute/litigate a claim in [Patient's] name or in the

---

[2] The second paragraph addressed an assignment of proceeds as opposed to an assignment of the claim, but the court concluded that was a distinction without a difference. *Hays v. Mo. Highways Transp. Comm'n*, 62 S.W.3d 538, 542 (Mo. App. W.D. 2001).

[3] The phrase "any policy of insurance" is very broad and would encompass any insurance policies held by the driver at fault in the accident that injured Patients. Thus, proceeds from the tortfeasor's insurance, which are designed to indemnify Patients for their personal injuries, are among those benefits assigned.

5

name of the above-mentioned Provider/s and Provider/s may compromise, settle, commence an action or otherwise resolve such claim as in Providers' discretion it deems fit." On their face, these provisions violate Missouri's public policy against assignment of personal injury claims.

The Assignments are strikingly similar to the assignment of benefits at issue in *Parea*. There, Parea assigned to her chiropractor Parea's right to make a claim for any benefits to which she was entitled under any insurance policy. *Parea*, 678 S.W.3d at 176. As with the Assignments, the assignment of benefits executed by Parea was limited to the exact amount of all reasonable charges for necessary treatment. *Id.* At issue in *Parea* was whether the assignment of benefits was governed by Missouri law or Kansas law. *Id*. The court determined, "if Missouri law applies, Perea's assignment of benefits to [her chiropractor] was unenforceable;[4] if Kansas law applies, the assignment was enforceable." *Id.* The court ultimately concluded that Kansas law applied. *Id.*

Both the assignment of benefits at issue in *Parea* and the Assignments purport to assign any benefit to which the assignor is entitled under any insurance policy, up to the cost of necessary treatment. In fact, the *Perea* assignment of benefits is actually narrower

---

[4] As the *Parea* court explained, the only exception to Missouri's public policy prohibiting the assignment of personal injury claims is the State's medical lien statutes (§§ 430.225-430.250), which permit hospitals and healthcare providers to share in up to 50% of the net proceeds of a patient's personal injury claim. *Parea v. Progressive Northwestern Ins. Co.*, 678 S.W.3d 167, 176 (Mo. App. W.D. 2023). "The medical lien statutes provide the exclusive remedy for hospitals and healthcare providers to seek payment out of the proceeds of a patient's personal injury claim, which includes benefits from an insurance carrier, and the procedures established in these statutes must be followed." *Id.*

than the Assignments, which give Providers the power to litigate claims (including against the tortfeasor) in Patients' names, to control the resolution of any such litigation, and then to collect for themselves the resulting insurance payouts.

Providers do not dispute that Missouri has a public policy against assignment of personal injury claims, but they insist that policy does not apply here because their claims against National relate to first-party insurance benefits and not third-party insurance coverage for personal injury claims against the tortfeasor. In other words, Providers urge us to focus on the nature of their specific claims and not the broad language of the Assignments. Providers insist that their first-party medical expense claims against National have nothing to do with tort claims Patients may have. In support of their position, Providers note that the Assignments are expressly limited to the exact amount of all reasonable charges for necessary treatment provided to Patients.

But the language of the Assignments is not limited to first-party medical insurance payments, nor does the language of the Assignments exclude payments from personal injury claims. Instead, the Assignments encompass any policy of insurance which might provide payments to Patients. And the distinction between an assignment of proceeds and an assignment of a claim is a distinction without a difference. *Hays*, 62 S.W.3d at 542. Additionally, the second paragraph of the Assignments is so broad that it empowers Providers, *inter alia*, to bring suit in Patient's name, control the resolution of that lawsuit, and collect the resulting insurance proceeds, including proceeds directly tied to Patient's personal injuries. In the absence of a severability clause, we cannot disregard the aspects of the Assignments that are void as against public policy. *Id*. (voiding entire

7

Reimbursement Agreement in the absence of a severability clause).  Thus, under *Hays* and *Parea*, the Assignments and any claims asserted thereunder are void as against Missouri public policy.[5]

Point I is denied.

## Conclusion

The motion court did not err in granting National's motion for judgment on the pleadings because the broad language of the Assignments includes Patients' personal injury claims, and, thus, the Assignments are void under Missouri law.  The motion court's judgment is affirmed.

_____
Karen King Mitchell, Judge

W. Douglas Thomson, Presiding Judge, and Janet Sutton, Judge, concur.

---

[5] In arguing for a contrary result, Appellants rely heavily on *Marvin's Midtown Chiropractic Clinic, L.L.C. v. State Farm Mut. Auto. Ins. Co.*, 142 S.W.3d 751 (Mo. App. W.D. 2004).  That case is distinguishable from the present case on two grounds.  First, *Marvin's Midtown* "involved liens on the patients' claims, not assignments of the claims." *Id.* at 755.  Second, in M*arvin's Midtown*, the patients "retained complete control over their personal injury cases." *Id.*  In contrast, the present case involves undisputed assignments (not liens) that purport to give Providers sweeping power to pursue, settle, and collect insurance proceeds arising from litigation related to Patients' personal injuries.