**Chelmer L. and Barbara BARROW,
Appellant,**

v.

**BOONEVILLE # 1, INC, and Donald
and Pamela Bedell, Respondent.**

**No. WD 57555.**

Missouri Court of Appeals,
Western District.

Aug. 22, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 3, 2000.

Application for Transfer Denied
Dec. 5, 2000.

Randal Owings, Columbia, for appellant.

Richard Wunderlich, St. Louis, for respondent.

Before: LOWENSTEIN, P.J., ULRICH and HOLLIGER, JJ.

HAROLD L. LOWENSTEIN, Judge.

### INTRODUCTION

This appeal evolves from a dispute over the lease of a nursing home. The parties to the lease are two couples who jointly bought the property at a tax sale. One couple then incorporated, and leased the home from essentially themselves and the other couple. Both couples executed the lease as Landlords to the corporation (the sole shareholders of which are one of the couples). The Landlord (only the couple who had not incorporated) then filed suit to declare the lease null and void. After protracted legal wrangling over the validity of the lease, the litigation entered into repose and the parties then entered into settlement negotiations over the lease which resulted in an out-of-court agreement for an increase in rent. Seventeen months after the rent was increased and had been consistently paid by the Tenant-corporation and accepted by the Landlord, the Tenant filed a motion to compel enforcement of the settlement agreement. The trial court granted the Tenant's motion, and Landlord appeals. The following

facts and chronology will aid the reader in understanding the current appeal.

## FACTS

The underlying case was originally filed in September 1996, by the appellants-landlord (hereafter Landlord), Chelmer and Barbara Barrow, against the respondent-Tenant, Boonville # 1 Inc. (hereafter Tenant), of which Donald and Pamela Bedell are the sole shareholders. The initial petition alleged two counts relating to the validity of the lease of property used as a nursing home which had been signed by both parties on June 25, 1992.

Count I alleged that the lease was intended to be temporary and, therefore, "it should be declared null and void." Count II alleged that in the alternative, Tenant was in default under the lease because it "permitted and allowed the physical structure…to deteriorate inside, to become unsightly, and to be injurious to patrons of the home…." The home was in fact cited for numerous violations of sub-standard care and fined by the State of Missouri Division of Aging for the interior condition of the property. Count II likewise petitioned the court to declare the lease "null and void" as relief for the alleged breach of the contract terms.

In November 1996, Tenant filed a Motion to Dismiss for Failure to State a Claim which was granted on the basis that the "declaration of a lease as 'null and void' is not a remedy for breach of contract cognizable under Missouri law." The trial court gave Landlord thirty days to amend the petition to include a cognizable remedy. Landlord never attempted to amend.

Within the next year however, the parties entered into settlement negotiations and the attorney for each side exchanged letters negotiating an increase in the monthly rental amount under the lease. The parties, through their attorneys' written correspondence, agreed upon raising the monthly rental amount from $2,000.00 to $4,000.00 to become effective starting January 1, 1998. A February 12, 1998 letter from Landlord's attorney to Tenant's attorney read as follows:

> Mr. and Mrs. Barrow will accept the terms of your November 3, 1997, FAX with the increased payment of $4,000.00 to them to date from January 1, 1998. Please let me know how you want to handle the Amendment and dismissal of the lawsuit.

Tenant agreed and increased the rental payments by $2000.00 per month. Beginning January 1, 1998, and still continuing, Landlord has accepted those increased rental payments. However, despite accepting the benefit of the increased monthly payment, Landlord has consistently refused to sign the amended lease.

As a result of the appellant-Landlord's refusal to sign the amended lease, the Tenant filed a Motion to Compel Enforcement of the Settlement in June of 1999. Tenant alleged that an agreement had been made to raise the monthly rental, and that at the time of filing this appeal, Landlord had accepted the increased rental payments for over seventeen months. Landlord admitted to accepting the increased amount. Further, Landlord did not contest the validity of the attorneys' letters offered to the court by Tenant to demonstrate and prove the agreement. Landlord did, however, argue in opposition that their attorney did not have authority "to fully settle all of the issues relating to the lawsuit," but rather he only had authority to settle the monthly rental payment issue. As a result, Landlord argues the entire lease dispute was not settled and, therefore, Landlord should not be compelled to sign the amended lease. Landlord's attorney who handled the negotiations withdrew in May of 1999. Their present counsel did not take part in the negotiations.

A hearing was conducted on June 14, 1999, to argue the Motion to Compel Enforcement of Settlement with both parties present and prepared to present witnesses and evidence. However, due to an emer-

gency in an unrelated matter, the court was short on time and the judge stated, after hearing the status of the case and asking how much time the attorneys predicted they would need, "There's no way I can do it today...I'm already an hour behind because of the problems that the sheriff's department has... [W]hat I am going to do is show it taken under advisement and look at it. And if I feel that it's –there's a basis for ruling it, I will; if not, I'll set it for a hearing." Landlord's counsel then requested that the court verify it would not make a decision on the motion without hearing testimony. To this, the court responded, "I don't know. I'm going to look at it and see what it says. If it's clear enough, I may, but I don't know." Landlord's counsel then reiterated his desire to have an opportunity to put on evidence if there was any question after the court reviewed the file.

The trial court subsequently found the following without having conducted an additional hearing: the parties did enter into a settlement agreement that amended the disputed terms of the initial written lease; the agreement for amendment was specific only to relief of the monthly rental amount; no other disputed terms were at issue in the negotiations conducted between counsel for the parties; the amended agreement was entered into by both parties effective as of January 1, 1998, and appellants have accepted the benefit thereof for many months without claim that it did not constitute the full and complete settlement; and finally, that it was inequitable to permit appellants to reject the agreement as the full and complete settlement. Appellants now appeal the trial court's order enforcing the settlement agreement.

## STANDARD OF REVIEW

■ "The decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erro-neously declares the law, or unless it erroneously applies the law." *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.1976).

## POINTS RELIED ON

Landlord first argues the trial court erred in granting Tenant's Motion to Compel Enforcement of Settlement by claiming the judgment was not supported by clear and convincing evidence and the trial court erroneously applied the law because no evidence was presented by either party at the hearing for the Motion to Compel and, as a result, Tenant did not meet the required burden of proof. Landlord alleges that because the trial court's judgment was based solely on the pleadings, exhibits, and arguments of counsel rather than on evidence presented to the court, that it was not supported by clear and convincing evidence.

The fact that a full evidentiary hearing, having been specifically requested, was not conducted after the June 14, 1999 hearing, raises doubts as to whether there was substantial evidence to support the judgment. Tenant attached to the motion letters between Tenant's and Landlord's attorneys concerning the negotiations, and Tenant did not dispute their validity. The trial court did have letters containing Landlord's admissions agreeing to accept an increased monthly rental payment as a result of the settlement discussion. Also, it was undisputed that Landlord received and accepted the increased payments, the result of the negotiations, for over 17 months.

At oral argument, when Landlord's attorney was asked point blank what he would have presented in evidence at the hearing, he responded that he would have shown evidence that his clients did not have full knowledge of all material facts of the negotiations and, therefore, they could not have ratified the letters their former attorney had sent to Tenant's attorney accepting the settlement agreement.

**94** 

The moving party requesting specific performance of a settlement agreement has the burden of proving the agreement by clear, convincing and satisfactory evidence, *Randall v. Harmon,* 761 S.W.2d 278 (Mo.App.1988). The out-of-court admissions, and the Landlord's acceptance of the increased monthly rental amount leads to an application of the doctrine of ratification. "As a general rule, by accepting benefits a person may be estopped from questioning the existence, validity, and effect of a contract. A party will not be allowed to assume the inconsistent position of affirming a contract in part by accepting or claiming its benefits, and disaffirming it in part by repudiating or avoiding its obligations, or burdens." *Dubail v. Medical West Bldg. Corp.,* 372 S.W.2d 128, 132 (Mo.1963) quoting 31 C.J.S. Estoppel § 110, pp. 350–51. This principle applies to settlement contracts as well. *See e.g. Fritsch v. Nat'l City Bank of St. Louis,* 24 S.W.2d 1066 (Mo.App.1930).

It has long been established that "one who ratifies an act done in his name without previous authority must ratify it as done, and he cannot accept in part, and reject in part.... Consequently, if he sees fit to adopt an unauthorized act at all, he must adopt it as a whole, and in its entirety." *Id.* at 1067. (citations omitted). "It is an elementary principle of law that a ratification relates back, and is equivalent to prior authority, by which we mean that it goes back to the time when the unauthorized act was done, and makes it as effective from that time as though it had been originally authorized...." *Id.* at 1069.

Under the particular facts of this appeal, despite the undisputed facts of the negotiations and the actions of Landlord in accepting the increased rent, this court, however, deems it necessary to reverse and remand to allow the Landlord to present evidence as to how the rent issue was not the only issue between the parties in their negotiations. Landlord had requested the opportunity to present evidence. Through no fault of Landlord, or the court for that matter, Landlord has not had the chance to present evidence favorable to a conclusion that the rent issue was not the sole portion of the lease to be amended.

## CONCLUSION

The judgment granting the respondent's motion to compel settlement is reversed and remanded for an evidentiary hearing.

All concur.