RGB2, INC., Plaintiff–Appellant,

v.

CHESTNUT PLAZA, INC., Defendant–Respondent.

No. 25049.

Missouri Court of Appeals, Southern District, Division Two.

April 30, 2003.

Virginia L. Fry, J. Michael Bridges, Blackwell, Sanders, Peper, Martin, LLP, Springfield, for plaintiff–appellant.

Stephen D. Stewart, John D. Compton, Springfield, for defendant–respondent.

JOHN E. PARRISH, Judge.

RGB2, Inc., (plaintiff) appeals a judgment on the pleadings awarded Chestnut Plaza, Inc. (defendant). This court reverses and remands.

■■■ Appellant brought an action against respondent for breach of contract.[1] Appellant's petition was filed November 12, 1997. Following numerous motions, recusal by all judges of the Circuit Court of Greene County and assignment of a special judge by the Supreme Court of Missouri, a motion for judgment on the pleadings filed by defendant was granted. Judgment was entered for defendant on either June 11, 2002, or June 21, 2002.[2]

Our standard of review is described in *State ex rel. Nixon v. American Tobacco Co.*, 34 S.W.3d 122 (Mo.banc 2000). "On appeal from the trial court's grant of Respondent's motion for judgment on the pleadings, we review the allegations of Appellants' petition to determine whether the facts pleaded therein are insufficient as a matter of law." *Id.* at 134. The moving party admits, for the purposes of the motion, the truth of well-pleaded facts in the opposing party's pleadings. *Id.* "A trial court properly grants a motion for judgment on the pleadings if, from the face of the pleadings, the moving party is entitled to a judgment as a matter of law." *Id.*

*Green v. Lebanon R–III School Dist.*, 87 S.W.3d 365, 367 (Mo.App.2002).

The copy of the "JUDGMENT ON THE PLEADINGS" that is part of the legal file states the following findings:

Based on the allegations contained in Plaintiff's Petition as amended by interlineation herein pursuant to the previous orders of this Court entered on May 19, 1998 and June 2, 1998, the five year statute of limitations set forth in Section 516.120, Mo.Rev.Stat., is applicable since Plaintiff's claim is premised on Defendant's alleged failure "to deliver to Buyer on the Closing Date, a restrictive covenant in recordable form." The Court further finds that the underlying real estate closing was held on February 28, 1992. The Court still further finds that Plaintiff's predecessor in interest, Cherokee Investments, was in a position to know that it had not received a re-

---

1. Appellant's petition denominated a separate count, "Count II," for "Breach of Good Faith and Fair Dealing." "Missouri law implies a covenant of good faith and fair dealing in every contract. There is a promise implied in every contract not to prevent or hinder performance by the other party and a breach of this implied promise constitutes a breach of contract." *Housley v. Mericle*, 57 S.W.3d 360, 363 (Mo.App.2001) (citations omitted). No explanation was provided as to why that part of the petition was denominated differently from the basic allegations of the breach of contract claim designated "Count I."

2. A circuit court docket entry dated "6/11/02" recites, "FORMAL JUDGMENT ON THE PLEADINGS ENTERED AND FILED. COPY HEREOF TO ATTYS"; however, the document in the legal file entitled, "JUDGMENT ON THE PLEADINGS" has the file-date stamp on its face, "JUN 21, 2002." The text of the judgment recites the appearances of the attorneys of record on the motion for judgment on the pleadings as "on this 10th day of June, 2002," but denotes immediately above the judge's signature, "Dated this *11th* day of June, 2002, at Eminence, Shannon County, Missouri." "A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed." Rule 74.01(a).

strictive covenant on February 28, 1992, having the means for discovery of such omission in its powers at the time of closing. The provisions of Section 516.120 commenced on February 28, 1992, since Cherokee Investments had the right at that time to prosecute its claim for specific performance to a successful conclusion. The statute of limitations expired on February 28, 1997, and Plaintiff's Petition was filed on November 12, 1997.

The judgment declares:

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED by this Court that Defendant's Motion for Judgment on the Pleadings is sustained and both Count I and Count II of Plaintiff's Amended Petition[3] are dismissed as having been filed after the applicable statute of limitations had expired.

Finally, the Court notes the allegations contained [sic] subparagraphs "b" and "c" of the first paragraph numbered 23 in Count II of Plaintiff's Amended Petition and finds that in addition to being barred by the provisions of Section 516.120, such allegations are insufficient to state a cause of action upon which relief can be granted by this Court.

Plaintiff's claim for breach of contract was directed to a provision in a real estate contract that provides:

[Defendant] covenants to deliver to [plaintiff's predecessor] on the Closing Date, a restrictive covenant, in recordable form, restricting [defendant's] property and, if [defendant] is a corporation, the property of [defendant's] officers, directors, subsidiaries, and affiliates, within a two thousand (2000) foot radius of the Premises [to which the contract applies] from use by any type of restaurant primarily engaged in the sale of primarily hamburgers. Said restrictive covenant shall run for a period of twenty (20) years from the Closing Date. (See Exhibit A)

The real estate contract is labeled "Exhibit 1." It is attached to and made part of plaintiff's petition by incorporation by reference. It includes an attachment identified as "Exhibit A" that is made part of the contract.

"Exhibit A" includes the statement:

Food restrictions are to exclude any fast food restaurant selling hamburgers, breakfast buscuits [sic], tacos, hot dogs or anything directly in competition to Hardee's. This does not exclude any major sit-down type of full service restaurant.

■ Plaintiff's first point on appeal asserts the trial court erred in entering judgment on the pleadings on the basis of the statute of limitations. Plaintiff contends "there were insufficient pleaded facts before the [trial] court to enable it to determine when the limitations period began to accrue." Plaintiff argues that its petition did not allege the date the real estate to which the contract applied was conveyed; that the trial court nonetheless determined the real estate was conveyed February 28, 1992, and, on that basis, concluded the statute of limitations began running that date.

---

3. There is no pleading included in the legal file denominated "Amended Petition." The copy of the petition included in the legal file denotes "COUNT II BREACH OF GOOD FAITH AND FAIR DEALING" as four paragraphs numbered 21, 22, 23 and 24. A separate prayer seeking damages and costs follows those paragraphs. See n. 1, *supra*, regarding the inclusion of the part of the petition identified as "breach of good faith" as a separate cause of action.

The question presented by a motion for judgment on the pleadings is whether the moving party is entitled to judgment as a matter of law on the face of the pleadings. *Main v. Skaggs Community Hosp.*, 812 S.W.2d 185, 186 (Mo.App. 1991). Before a motion for judgment on the pleadings may be granted, all averments in all pleadings must show no material issue of fact exists; that all that exists is a question of law. *Id.*

Although the trial court made docket entries dated "5/19/98" and "6/2/98" granting certain parts of a motion by defendant to strike certain language in plaintiff's petition, the legal file does not include a copy of a petition with any delineation. A copy of the original petition is included in the legal file. It contains no markings other than those denoting its filing on November 12, 1997. This court infers that the reference in the trial court judgment to an "Amended Petition" is a reference to the original petition filed in this case with the language to which the "5/19/98" and "6/2/98" orders refer as having been deleted.[4]

Another difficulty presented by the record on appeal relates to the filing of an answer by defendant. The legal file includes a copy of a motion filed by defendant March 5, 2001, entitled "Motion for Leave to Amend Defendant's Answer to Plaintiff's Amended Petition." The motion asks that defendant be granted "leave to amend its Answer to Plaintiff's Amended Petition as set forth in Exhibit '1'" which is attached to the motion. No docket entry or other written order addresses this motion. Neither is the copy of the proposed answer that is attached to the motion marked as having been filed. There was, however, a transcript of arguments before the trial court on a variety of motions that were pending in this case. The transcript was filed with this court as part of the record on appeal notwithstanding that no testimony was adduced. Although this is an unusual practice that this court does not recommend, a reading of the transcript reveals a remark by the trial judge that leave to file "the amended answer" was granted. Defendant's brief states that it filed an amended answer. The copy of the answer attached to defendant's motion for leave to file an answer to an "Amended Petition" will be considered as having been filed with leave of the trial court.

For purposes of Point I, this court has before it the petition and the answer discussed above. The petition does not allege the closing date of the real estate transaction which defendant asserts is the date from which the applicable statute of limitations runs. The answer alleges February 28, 1992, as the date on which the real estate plaintiff acquired was conveyed.

Because defendant was the "moving party" for judgment on the pleadings, the allegations of plaintiff's petition were, for purposes of defendant's motion, admitted. *State ex rel. Nixon v. American Tobacco Co.*, 34 S.W.3d at 134. Facts pleaded in the answer, however, were not admitted. The allegations in the answer were not self-proving. *Brawley & Flowers, Inc. v. Gunter*, 934 S.W.2d 557, 561 (Mo.App. 1996). *See also Johnson v. Vee Jay Cement*, 77 S.W.3d 84, 88 (Mo.App.2002). The trial court granted the motion for judgment on the pleadings based on the

---

4. Although this does not affect this court's consideration of this appeal, language ordered stricken from a pleading should be deleted by delineation or an amended petition filed. This court does not recommend the practice that was followed in this case. Rule 81.12(a) requires the legal file component of a record on appeal to include the pleadings upon which the case was tried. This requirement should be scrupulously complied with to avoid confusion and possible dismissal of an appeal.

date alleged in the answer. It was error to do so. Point I is granted.

■ Point II is directed to a trial court's right to treat a motion for judgment on the pleadings as a motion for summary judgment. Rule 55.27(b) provides that if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04." Rule 55.27(b) requires, however, that "all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 74.04." Point II asserts that the trial court erred in entering judgment on the pleadings "because in order to have sustained [defendant's] motion for judgment on the pleadings it incorrectly treated that motion as a motion for summary judgment." Point II argues that in treating the motion as a motion for summary judgment, the trial court failed to give notice thereby denying plaintiff a reasonable opportunity to present material plaintiff contends pertinent to a motion for summary judgment.

*Lee v. Osage Ridge Winery,* 727 S.W.2d 218 (Mo.App.1987), supports plaintiff's argument. *Lee* deals with reliance on material outside the pleadings for purposes of granting a motion to dismiss. For purposes of the issue presented by Point II, a judgment on the pleadings and a motion to dismiss are equivalents. *Pennell v. Polen,* 611 S.W.2d 323, 324 n. 1 (Mo.App.1980). *Lee* holds that requirements of Rule 55.27(b) for treating a motion for judgment on the pleadings as a motion for summary judgment apply to a motion to dismiss that is treated as a motion for summary judgment. *Lee* declares that before a trial

court can consider such a motion as a motion for summary judgment and, therefore, consider matters outside the pleadings, Rule 55.27(b) requires the trial court to "first notify both parties that it is treating the motion as one for summary judgment and give the parties opportunity to present all material pertinent to a motion for summary judgment." *Lee, supra,* at 224. The record in this case, as the record in *Lee,* does not reflect that this occurred. Plaintiff was not afforded an opportunity to present material made pertinent to a motion for summary judgment by Rule 74.04.[5] Point II is granted.

The determinations of Points I and II are dispositive. Plaintiff's remaining points on appeal need not be addressed. The judgment is reversed. The case is remanded.

PREWITT, P.J., and RAHMEYER, C.J., concur.

---

5. Rule 74.04(c)(2), as it existed in June 2002 when the trial court rendered judgment, permitted an adverse party to respond to a motion for summary judgment. The adverse party was permitted to attach applicable affidavits to the response, admit or deny factual statements made in the motion, and provide legal memorandum explaining why summary judgment should not be granted.