**Jerry L. EATON and Clarissa L. Eaton, Appellants,**

v.

**MALLINCKRODT, INC., et al., Respondents.**

No. SC 88122.

Supreme Court of Missouri, En Banc.

May 15, 2007.

Clarissa L. Eaton, Jerry L. Eaton, Festus, for Appellants.

Peter S. Strassner, Paul T. Sonderegger, Joseph M. Kellmeyer, James W. Erwin, Thompson Coburn LLP, John E. Galvin, Richard B. Korn, Richard A. Wunderlich, Barry A. Short, Michael H. Wetmore, Jerry K. Ronecker, St. Louis, Steven F. Baicker-McKee, Babst, Calland, Clements & Zomnir, P.C., Pittsburgh, PA., for Respondents.

Gerard T. Carmody, St. Louis, for Int-Respondents.

HAROLD L. LOWENSTEIN, Special Judge.

## I. Introduction

This case involves a motion to enforce a settlement agreement in a tort action. The Eatons contested the motion alleging they did not authorize the figure offered by their dismissed attorney that was accepted by the defendants.

The Eatons originally filed suit for property damage to their home allegedly caused by groundwater made toxic by waste discharged by a nuclear fuel processing operation conducted by the defendants. They refused to sign a proffered agreement on the basis that they never authorized the settlement figure and had dismissed their attorney.

The defendants filed a motion to enforce the settlement agreement. The sole factual issue at the trial court was whether the Eatons' attorney had authority to make a specific monetary offer to settle the lawsuit. The hearing on this motion was lim-

ited to "oral argument" by counsel. There was no transcript of the oral argument on the motion to enforce settlement—no record save for the bare legal file created in circuit court.

Concluding that the Eatons' attorney had apparent authority to settle, the trial court entered judgment enforcing the settlement agreement. The Eatons appeal. This Court granted transfer after opinion by the Court of Appeals, Eastern District, and has jurisdiction. *Mo. Const. article V, section 10*. The judgment is reversed and the case is remanded.

## II. Factual Background

### A. Defendants' motion to enforce a settlement agreement

The motion to enforce the settlement agreement stated that on August 30, 2004, the Eatons and several others who had similar litigation against the defendants participated in a mediation. The other parties settled their claims, but the Eatons did not. The parties' counsels, "continued to discuss the possibility of settlement in the . . . weeks that followed," and on "September 27, 2004," "[Eatons'] attorney issued a settlement demand to the Defendants on behalf of the . . . [Eatons] for $26,000." "Defendants accepted this demand on September 28, 2004."

Attached to the motion were counsel affidavits, to the effect that the Eatons' attorney had agreed to the amount, and copies of e-mail communications between the attorneys. The motion continued, saying: "[The Eatons] refused to consummate the settlement," their attorney filed to withdraw, and "Defendants do not know why the . . . [Eatons] refuse to abide by the agreement."

### B. The Eatons' Responsive Pleading

The Eatons, by their new attorney, responded that they were "not aware" of the alleged settlement discussions between their former attorney and the defendants. Rather, they had appeared at their then attorney's office on September 27, 2004, "for the express purpose of picking up their file" and they were not there "for the purpose of continued representation." Their response said that they inquired of the attorney as to the possibility of settlement, but only "for the purpose of advising new counsel." The response further stated that their then attorney "did not have any express or implied authority to settle the cause on behalf of the [Eatons]."

Defendants argue that the Eatons' failure to provide a trial court record undermines any recourse they may have from the judgment. Defendants argue further that the Eatons cannot complain that no evidentiary hearing was held as no hearing was requested.

## III. Scope of Review and Discussion

▪ The standard of review here is under *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Appellate review of this court-tried judgment requires the trial court decision be sustained "unless there is no substantial evidence to support it." *Id.* Unless there is something unique about a motion to enforce a settlement agreement, or there is another theory of review, under the above language, the inescapable conclusion is that there is simply no evidence to support this judgment.

At the hearing, no evidence was offered by either side. No record was presented on appeal of any admissions that may have aided the defendants who, as will be seen, had the burden of proof on their motion to enforce the settlement. That the defendants' attorneys prevailed in arguing law to the court does not overcome the lack of evidence from which to derive a set of facts supporting the conclusion that the

Eatons had imbued their attorney with authority to make an offer of compromise of $26,000.

## A. Manner by which a settlement agreement may be enforced

■ Missouri does not have a specific "process for enforcing an agreement settling a pending case." *Barton v. Snellson,* 735 S.W.2d 160, 161 (Mo.App.1987). Settlement may be raised as an affirmative defense or, as here, via a motion to enforce the settlement agreement. *Id.* A motion to enforce a settlement adds to the underlying case a collateral action seeking specific performance of the agreement. *Landmark Bank v. First Nat. Bank in Madison,* 738 S.W.2d 922, 923 (Mo.App. 1987). The moving party (here, the defendants) must prove the existence of the agreement "by clear, convincing and satisfactory evidence." *Id.* On the other hand, express authority to settle is presumed where the Eatons' "attorney of record asserts such authority." *Leffler v. Bi–State Dev. Agency,* 612 S.W.2d 835, 837 (Mo. App.1981).

In *Leffler v. Bi–State Development Agency,* the defendant moved to enforce a settlement agreement purportedly reached in a plaintiff's suit for damages. 612 S.W.2d 835, 836 (Mo.App.1981). The plaintiff denied that his attorney had authority to accept defendant's offer to settle. *Id.* The trial court held an evidentiary hearing on the motion before granting defendant's motion to enforce. *Id.* In affirming the judgment, the court held that a presumption of express authority to settle arises when the attorney of record asserts such authority. *Id.* at 837. The presumption may be overcome by the party disputing the attorney's authority, although that party bears a substantial burden of proof. *Id.*

## B. Court's approach to a motion to enforce a settlement agreement

■ The trial court may take one of three possible avenues to decide a motion to enforce settlement: (1) the trial court may hold an evidentiary hearing on the motion to determine the disputed facts and then enter judgment after taking evidence to prove the agreement and any defenses the non-moving party may proffer; (2) the court may dispose of the motion on the pleadings pursuant to Rule 55.27; or (3) the trial court may treat the motion as akin to that for summary judgment pursuant to Rule 74.04.

### 1. Evidentiary hearing

■ By far the most desirable approach would be to hold an evidentiary hearing where the moving party proves the agreement and the non-moving party can then present evidence as to any defenses. However, in this case the trial court did not hold an evidentiary hearing but, rather, took the motion under submission after "oral argument was heard."

### 2. Judgment on the pleadings under Rule 55.27

■ If the court does *not* hold an evidentiary hearing, it may hear argument and enter judgment on the pleadings. *Rule 55.27.* "The question presented by a motion for judgment on the pleadings is whether the moving party is entitled to judgment as a matter of law on the face of the pleadings." *RGB2, Inc. v. Chestnut Plaza, Inc.,* 103 S.W.3d 420, 424 (Mo.App. 2003). The well-pleaded facts of the non-moving party's pleading are treated as admitted for purposes of the motion. *State ex rel. Nixon v. American Tobacco Co.,* 34 S.W.3d 122, 134 (Mo. banc 2000).

■ Judgment on the pleadings is appropriate where the question before the court is strictly one of law. *RGB2,* 103

S.W.3d at 424. In *Madison Block Pharmacy, Inc. v. U.S. Fidelity and Guaranty Co.*, this Court held that the trial court property granted the defendant insurance company's motion for judgment on the pleadings where the issue before the court was one of contractual interpretation—a question of law. 620 S.W.2d 343, 345 (Mo. banc 1981). In *Madison Block* there was no disputed issue of fact. Rather, the issue before the court was whether coverage existed for certain losses caused by flood waters when a motor boat steered through the front door of a building, allowing flood and surface waters to enter the structure. *Id.* In affirming the trial court's grant of the insurance company's motion, this Court stated that the language of the policy was clear and unambiguous in excluding such losses. *Id.* at 346. Thus, "the trial court properly sustained the motion for judgment on the pleadings." *Id.*

■■■ In support of their motion to enforce in this case, the defendants' pleading averred that the Eatons' first attorney contacted the counsel for Chevron on September 27, 2004, made a settlement demand of $26,000, and that this demand was accepted by the defendants. In their suggestions in opposition to the motion to enforce, the Eatons stated that they retrieved their file from that attorney on September 27, 2004, the day the settlement offer purportedly was made, and only asked the attorney to ascertain the status of the case so they could inform new counsel. Their responsive pleading states that they did not give the attorney authority, express or implied, to settle the case, but that they were, in fact, terminating their relationship with him and his firm.

In its memorandum opinion granting the motion to enforce, the trial court stated that the Eatons advanced no theory in their objection to the motion to enforce settlement, that could, if proven, overcome the presumption their first attorney had authority to enter into the settlement. This ruling indicates the trial court chose to treat this question as solely a matter of law.

However, the pleadings raised a question of material fact—the authority of the first attorney to settle the dispute; therefore, judgment on the pleadings, as a matter of law, was not appropriate. The first attorney's authority to enter into the agreement on behalf of the Eatons is clearly a material issue of fact. Moreover, under Rule 55.27, the court should have treated the well-pleaded facts of the Eaton' pleading, that they had terminated their association with the attorney when they picked up their legal file and that they did not give that attorney authority to settle, as foreclosing the possibility of summary disposition of the dispute without a stipulation of the material facts. The judgment entered by the trial court does not reflect this treatment.

Given the material issue of fact raised by the pleadings (whether the Eatons' attorney had authority to make an offer of $26,000 to settle the claim), judgment as a matter of law based solely on the averments of the pleadings fails. Moreover, if the trial court entered judgment based solely on the pleadings, given the issue of material fact raised, the judgment is not supported by sufficient competent evidence in the record. Indeed, there is no record and no evidence to allow any findings of fact. Thus, the judgment alternately fails on the standard of review. Under the record here, any attempt to have rendered judgment on the pleadings would have been for naught.

### 3. Summary judgment under Rule 74.04

The trial court may, however, consider matters outside the pleadings under Rule

55.27(b). If the trial court chooses to consider "matters outside the pleadings ... presented to and not excluded by the court," the trial court is treating the motion for judgment on the pleadings as one for summary judgment under Rule 74.04. *Rule 55.27(b).* In so doing, the court must give "all parties ... a reasonable opportunity to present all materials made pertinent to such a motion by Rule 74.04." These materials include "discovery, exhibits or affidavits upon which the motion relies." *Rule 74.04(c)(1).*

The defendants attached to their motion affidavits of the attorneys. The record does not reflect that the trial court excluded these affidavits. If the trial court considered the affidavits, thereby treating the defendants' motion as one for summary judgment, the trial court would have been required to provide notice of its intention to do so to the Eatons. The record does not reflect that the trial court provided the requisite notice or that the court afforded the Eatons the opportunity to provide their own exhibits and affidavits. The failure to provide notice or the opportunity to proffer affidavits and exhibits violates Rule 55.27.

## IV. Summary

The judgment entered in favor of the defendants cannot stand. If the trial court had based its ruling solely on the pleadings under Rule 55.27(b), the judgment entered in favor of the defendants would fail as the pleadings raised a material issue of fact; given the dispute as to the underlying facts, the trial court could not enter judgment solely as a matter of law. Alternately, if the judgment was entered on the basis of the pleadings alone, the judgment is not supported by sufficient competent evidence in the record. If the trial court considered the attorneys' affidavits and was, therefore, treating the motion as mo-

tion for summary judgment pursuant to Rule 74.04, it failed to provide notice to the parties that it was so treating the motion to enforce and failed to provide the Eatons a reasonable opportunity to "present all materials made pertinent to such a motion by Rule 74.04."

A similar procedural situation existed in *Barrow v. Booneville # 1, Inc.,* 31 S.W.3d 90 (Mo.App.2000). There, the trial judge was faced with a tenant's motion to compel a settlement as to lease provisions. *Id.* at 92. At the hearing, with both parties prepared to present evidence, an emergency arose that compelled the trial court to leave. *Id.* at 92–93. The trial court took the matter under advisement despite the landlord's request to present evidence. *Id.* at 93. The court reversed the judgment saying that the tenant did not meet the required burden of proof because the motion was decided solely on the pleadings and arguments of counsel and, therefore, was not supported by sufficient evidence to sustain the motion to enforce. *Id.*

## III. Conclusion

In sum, it can be said that the trial court was attempting to bring to a prompt resolution a vexing legal dispute. The sole and deciding factual determination in this resolution was the authority of the Eatons' attorney to settle. That determination in this motion to enforce a settlement agreement was attainable only by the reception of evidence and making a credibility determination. Under the circumstances here, judgment on the pleadings and summary judgment would have been unavailable. Likewise, without a default or specific waiver by the Eatons, the failure to request an evidentiary hearing would not elevate any disposition other than reception of evidence and a resulting judgment based on facts as found. Evidence was not presented and, therefore, there was no

evidence to support the judgment for the defendants on their motion to enforce.

Pursuant to review under *Murphy v. Carron,* the judgment must be reversed, and the cause is remanded.

WOLFF, C.J., STITH, TEITELMAN, LIMBAUGH, RUSSELL and WHITE, JJ. concur.

PRICE, J., not participating.