**PARAGON LAWNS, INC., Respondent,**

v.

**BAREFOOT, INC., d/b/a/ Snake'n Rooter, Appellant.**

**No. WD 71111.**

Missouri Court of Appeals,
Western District.

March 9, 2010.

---

Mark D. Murphy, Counsel, Jeffrey M. Cook, Co–Counsel, Overland Park, KS, for Appellant.

Michael S. Martin, Westwood, KS, for Respondent.

Before JAMES EDWARD WELSH, P.J., MARK D. PFEIFFER, and KAREN KING MITCHELL, JJ.

JAMES EDWARD WELSH, Judge.

Barefoot, Inc., d/b/a/ Snake'n Rooter ("Barefoot") appeals the circuit court's judgment granting the motion to enforce a settlement agreement filed by Paragon Lawns, Inc. ("Paragon"). On appeal, Barefoot contends that (1) the court erred in granting a judgment on the pleadings; (2) no enforceable settlement agreement existed; and (3) even if a settlement agreement existed, Barefoot could have avoided it due to a unilateral mistake. We reverse

the circuit court's judgment and remand for further proceedings.

Paragon is a lawn care service company that provided services to Barefoot, a plumbing company. In November 2008, Paragon filed a petition for damages against Barefoot. Paragon's petition alleged that Barefoot had failed and refused to pay for services in the amount of $3,175.57. Barefoot filed an answer denying Paragon's allegations.

Counsel for Barefoot and Paragon subsequently exchanged emails containing settlement offers and counteroffers. A couple of weeks later, Paragon filed a motion to enforce the settlement agreement. In the motion, Paragon alleged that the parties' emails created a binding agreement to settle the lawsuit for $2300, which Barefoot was to pay to Paragon in exchange for the dismissal of Paragon's action.

In its response to Paragon's motion, Barefoot alleged that the emails did not evidence the existence of a complete and enforceable settlement agreement because Barefoot never accepted Paragon's offer to settle for $2300. Additionally, Barefoot alleged an affirmative defense that, even if a settlement agreement between the parties did exist, Barefoot could avoid the agreement because of a unilateral mistake.

Fifteen days after Barefoot filed its response to Paragon's motion, the circuit court *sua sponte* entered a judgment granting Paragon's motion to enforce the settlement agreement. The court ordered Barefoot to pay Paragon $2300. Barefoot appeals.

■ In Missouri, an agreement to settle a pending case may be enforced by asserting it as an affirmative defense or by filing a motion to enforce the settlement agreement. *Eaton v. Mallinckrodt, Inc.,* 224 S.W.3d 596, 599 (Mo. banc 2007). "A motion to enforce a settlement adds to the underlying case a collateral action seeking specific performance of the agreement." *Id.* The party moving for enforcement must prove the existence of the settlement agreement " 'by clear, convincing and satisfactory evidence.' " *Id.* (citation omitted).

■ When a motion to enforce a settlement agreement is filed, the circuit court "may take one of three possible avenues to decide" such motion. *Id.* These three avenues are: (1) the court may hold an evidentiary hearing "to determine the disputed facts and then enter judgment after taking evidence to prove the agreement and any defenses the non-moving party may proffer";[1] (2) "the court may dispose of the motion on the pleadings pursuant to Rule 55.27"; or (3) the court may dispose of the motion by summary judgment pursuant to Rule 74.04. *Eaton,* 224 S.W.3d at 599.

In this case, the circuit court did not hold an evidentiary hearing on Paragon's motion to enforce the settlement agreement, and the record does not indicate that the court disposed of the case by summary judgment pursuant to Rule 74.04. Thus, the only remaining avenue by which the court could have disposed of Paragon's motion was through a judgment on the pleadings pursuant to Rule 55.27(b).

■ A judgment on the pleadings is appropriate when the party who *moves* for such a judgment "is entitled to judgment as a matter of law on the face of the pleadings." *RGB2, Inc. v. Chestnut Plaza,*

---

1. The Supreme Court describes this as the preferred method, stating, "By far the most desirable approach would be to hold an evidentiary hearing where the moving party proves the agreement and the non-moving party can then present evidence as to any defenses." *Eaton,* 224 S.W.3d at 599.

*Inc.,* 103 S.W.3d 420, 424 (Mo.App.2003). For purposes of the motion, "[t]he well-pleaded facts of the non-moving party's pleading are treated as admitted." *Eaton,* 224 S.W.3d at 599. Before the court can grant a motion for a judgment on the pleadings, "all averments in all pleadings must show no material issue of fact exists; that all that exists is a question of law." *RGB2,* 103 S.W.3d at 424. Barefoot argues in its first point that the court should not have entered a judgment on the pleadings in this case because several issues of material fact existed.

█ Barefoot did not have the opportunity to make this argument to the circuit court, however, because the circuit court entered the judgment on the pleadings *sua sponte.* The court's action was contrary to Rule 55.27(b). Rule 55.27(b) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, *any party may move* for judgment on the pleadings." (Emphasis added.) In this case, neither party moved for a judgment on the pleadings. Paragon filed its motion to enforce the settlement agreement on March 25, 2009. Barefoot filed its response on March 30, 2009. On April 14, 2009, with no motion for a judgment on the pleadings pending and with no notice to the parties that it was considering ruling on the pleadings, the court *sua sponte* entered what can only be described as a judgment on the pleadings in favor of Paragon.

The circuit court's action denied Barefoot any chance to advance arguments in opposition to a judgment on the pleadings. By providing that it is a *party* who *moves* for a judgment on the pleadings, Rule 55.27(b) implicitly entitles the non-moving party an opportunity to respond to the motion before the court rules on it. Because the court entered the judgment on the pleadings *sua sponte,* Barefoot did not have this opportunity. The court's action was contrary to Rule 55.27(b)'s procedure for disposing of cases through a judgment on the pleadings. The court erred in entering a judgment on the pleadings *sua sponte.* We acknowledge that, upon remand, this case may very well end with the same result as reached by the circuit court. However, the strength of our judicial system lies not in its efficiency but in adhering to procedures that not only do justice but do so in a manner that engenders, to the extent possible, confidence that justice was done.

We reverse the circuit court's judgment granting Paragon's motion to enforce the settlement agreement and remand the case to the circuit court for further proceedings consistent with this opinion. Because Barefoot's remaining points on appeal attack the merits of the court's determination that the settlement agreement existed and was enforceable, any discussion of them would be premature. Therefore, we decline to address them.

All concur.