

# Missouri Court of Appeals

### Southern District

### Division Two

WAYMAN BRYANT,                )
                             )
    Plaintiff-Respondent,        )
                             )
vs.                          )                No. SD33568
                             )
DALTON LEE ANDERSON,         )                **Filed:  February 3, 2016**
                             )
    Defendant-Appellant.         )

### APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable Gayle L. Crane, Circuit Judge

### **AFFIRMED**

Dalton Lee Anderson ("Appellant") was the defendant in a personal injury lawsuit. Appellant raised the issue of a settlement by filing a Motion to Enforce the Settlement or, In the Alternative, Motion for Summary Judgment. Appellant attached exhibits to the motion that referred to matters outside the pleadings. The trial court denied the motion without a hearing. A trial was held which addressed the issues in the underlying personal injury lawsuit. Appellant was present for the trial; however, Appellant[1] offered no evidence regarding the settlement but rather renewed his motion for summary judgment. When we say "no evidence" concerning the purported settlement agreement, we mean that Appellant chose, at trial, to present absolutely no

---

[1] Appellant's attorney on appeal was not his trial counsel.

1

evidence of the settlement agreement, no stipulations from the summary judgment motion, no sworn testimony, affidavits or other evidence.

Appellant now claims that in this appeal he is appealing the denial of the motion to enforce a purported pre-litigation settlement (and not a summary judgment motion per se) and that this is strictly an issue of law. The issue then is whether the denial of a summary judgment motion on the issue of whether a settlement exists preserves an appealable issue. We find that it does not; Appellant has not preserved an appealable issue when his summary judgment motion was denied and he chose to present no evidence at the subsequent trial.

> The trial court may take one of three possible avenues to decide a motion to enforce settlement: (1) the trial court may hold an evidentiary hearing on the motion to determine the disputed facts and then enter judgment after taking evidence to prove the agreement and any defenses the non-moving party may proffer; (2) the court may dispose of the motion on the pleadings pursuant to Rule 55.27; or (3) the trial court may treat the motion as akin to that for summary judgment pursuant to Rule 74.04.[2]

*Eaton v. Mallinckrodt, Inc.*, 224 S.W.3d 596, 599 (Mo. banc 2007).

Appellant admits that there was no evidentiary hearing on the motion to enforce the settlement per the first avenue for decision nor is he relying on the trial court's ability to dispose of the motion on the pleadings pursuant to Rule 55.27. Appellant, instead, claims that the denial of his Motion to Enforce the Settlement or, In the Alternative, Motion for Summary Judgment allows us an independent means for review. We disagree.

"By far the most desirable approach [to resolve a motion to enforce a settlement agreement] would be to hold an evidentiary hearing where the moving party proves the agreement and the non-moving party can then present evidence as to any defenses." *Eaton*, 224 S.W.3d at 599. "'A motion to enforce a settlement adds to the underlying case a collateral action

---

[2] All rule references are to Missouri Court Rules (2015), unless otherwise indicated.

seeking specific performance of the agreement.'"  ***Buemi v. Kerckhoff***, 359 S.W.3d 16, 29 (Mo.

banc 2011) (Stith, J., dissenting) (quoting ***Eaton***, 224 S.W.3d at 599).  "[S]uch a motion to

enforce settlement is for resolution by the Court, not the jury, whether presented as an issue of

law or if factual issues exist[.]"  ***Id.*** at 30.

Although Appellant cites no cases allowing the appeal from the denial of a motion to

enforce a settlement agreement that was brought as a summary judgment motion, ***Eaton*** presents

an analogous situation.  In ***Eaton***, a hearing was held on a Motion to Enforce a Settlement

Agreement; however, no evidence was offered by either side.  ***Eaton***, 224 S.W.3d at 597-98.

The trial court granted the motion after oral argument of the attorneys.  ***Id.*** at 598.  The Supreme

Court of Missouri found that defendants had the burden of proof on their motion to enforce the

settlement but the failure to provide the trial court any evidence "from which to derive a set of

facts supporting the conclusion" was fatal to their success.  ***Id.*** at 598-99.

In ***Barrow v. Booneville No. 1, Inc.***, 31 S.W.3d 90 (Mo.App. W.D. 2000), one of the

parties brought a Motion to Compel Enforcement of the Settlement; however, a hearing which

had been scheduled was not held.  ***Id.*** at 92-93.  Instead, the court made a decision based upon

letters that had been submitted with the motion and not disputed by the other party.  ***Id.*** at 93.  At

issue was whether the attorney had the authority to fully settle all the issues relating to the

lawsuit instead of one disputed issue.  ***Id.*** at 92.  The court found, without an evidentiary hearing,

that the resolution of the one disputed issue was determinative of the entire agreement and there

were no other disputed "terms."  ***Id.*** at 93.  The appellate court, after noting that "[t]he moving

party requesting specific performance of a settlement agreement has the burden of proving the

agreement by clear, convincing and satisfactory evidence," found that the out-of-court

admissions and the apparent conclusion by the trial court that as a matter of law the person

3

seeking specific performance should prevail did not negate the necessity of a hearing where both sides could present contrary evidence. *Id.* at 94.

Likewise, here, Appellant bore the burden of proof on his motion to enforce the settlement. He chose to present his claims by way of a summary judgment motion; his claim in this Court, that there is no dispute on the facts, relies upon a denied summary judgment motion. All of the exhibits relied on by Appellant in this appeal were actually exhibits attached to the Motion to Enforce the Settlement or, In the Alternative, Motion for Summary Judgment. In this Court, Appellant claims the facts are "undisputed" and requests that we review a proposed release to determine as a matter of law whether a release qualifies as a general release. We cannot and do not reach that issue.[3]

Appellant claims that once his motion for summary judgment was denied that he had preserved an appealable issue of the denial of his motion to enforce the settlement.[4] Appellant is mistaken. Appellant chose to present his motion as a summary judgment motion but the trial court denied that motion. "If the motion, the response, the reply and the sur-reply show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, the court shall enter summary judgment forthwith." Rule 74.04(c)(6).

> If on motion under this Rule 74.04 judgment is not entered upon the whole case or for all the relief asked and a trial is necessary, the court by examining the

---

[3] We note that a settlement is a contract. The parties had the right to negotiate any settlement as they chose fit. We also note that there is no dispute that Appellant never presented a release that was a mirror image of the release requested by Respondent. Appellant relies on the proposition that it had the same "legal effect."

[4] A motion to enforce a settlement agreement is appealable when it is a final judgment; however, Appellant had the burden of proof on the motion. *See Buemi*, 359 S.W.3d 16. In *Buemi*, the trial court held an evidentiary hearing and found there was no agreement. *Id.* at 19. The majority opinion in *Buemi* noted that there were no cases holding that an order denying a motion to enforce a settlement was immediately appealable. *Id.* at 21, n.5. Here, Appellant did not rely upon any evidence introduced in a hearing, therefore, whether Appellant was allowed to appeal immediately or after trial and a final judgment has no bearing in this case.

> pleadings and the evidence before it, by interrogating counsel, and by conducting a hearing, if necessary, shall ascertain, if practicable, what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. The court shall thereupon make an order specifying the facts that appear without substantial controversy, . . . and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

Rule 74.04(d).

The rule clearly contemplates that, if a summary judgment motion is denied, a subsequent evidentiary hearing will ensue. There are several procedures under Rule 74.04(d) that Appellant could have used to introduce evidence if he, in fact, claims the facts are undisputed. Appellant did not request that the trial court find what material facts exist without substantial controversy. The trial court did not ascertain any uncontroverted facts. The parties did not provide a stipulation at trial as to undisputed facts.

Appellant attempts to avoid the consequences of trying to appeal a denied summary judgment motion and the failure to provide any evidence of a settlement by claiming that this Court would be reviewing the denial of the motion to enforce the settlement and not the alternative motion for summary judgment. The problem with Appellant's logic is that he chose to enforce an alleged settlement agreement by way of a summary judgment motion. He is now seeking review of his denied summary judgment motion. The "[d]enial of a motion for summary judgment does not present an appealable issue." ***Bolivar Insulation Co. v. Bella Pointe Development, L.L.C.***, 166 S.W.3d 610, 614 (Mo.App. S.D. 2005). "[A]lmost without exception, it has been held that an order denying a motion for summary judgment is not appealable, on the ground that such an order is merely interlocutory and not final for purposes of appeal." ***Wilson v. Hungate***, 434 S.W.2d 580 (1968) (internal quotation and citation omitted) (holding that an

5

order overruling a motion for summary judgment was not a final appealable judgment and, therefore, the appeal was dismissed).

We hold that when Appellant filed the motion to enforce the settlement by way of a summary judgment motion and the motion was denied by the trial court, it was incumbent upon Appellant to produce evidence in some manner at an evidentiary hearing of any purported agreement.[5]  Appellant's point is denied.

The judgment is affirmed.


Nancy Steffen Rahmeyer, J. - Opinion Author

Don E. Burrell, P.J. - Concurs

Gary W. Lynch, J. - Concurs

---

[5] Although Appellant claims that a denied motion to enforce a settlement which is presented in a summary judgment motion is reviewable, the rationale for refusing to review the ruling is clearly evident in this case.  A cursory review of the summary judgment motion and the responses show that the facts are not "undisputed," as claimed by Appellant.  In fact, the record is replete with letters from Respondent that the case has not settled and will not be settled absent a specific release.  The summary judgment motion does not even contend that the requested specific release was ever tendered.  Furthermore, Appellant relies upon factual allegations set forth in exhibits to his motion regarding a settlement which are contradicted by an affidavit from Respondent.  We do not know why the trial court denied the summary judgment motion but it could have been for many reasons, including the parties' differing interpretations of the material facts and the legal conclusions.  We cannot convict a trial court of error on an issue that may not have been decided by the trial court.  We do not know if it was denied for factual disputes or because Appellant could not win as a matter of law.