Jessica R. DALE, a minor, By and Through her next friend, Robert DALE, and Robert Dale and Roberta Dale, his wife, Plaintiffs–Respondents,

v.

Alan S. GUBIN, M.D., Charles W. Craft, M.D., and J.W. Bernard, M.D., Defendants,

and

Missouri Department of Social Services, Division of Medical Services, Defendant–Appellant.

No. 19051.

Missouri Court of Appeals, Southern District, Division Two.

May 31, 1994.

Motion for Rehearing or Transfer to Supreme Court Denied June 20, 1994.

Application to Transfer Denied Aug. 15, 1994.

Melanie G. Wilmes, Mo. Dept. of Social Services, Jefferson City, for defendant-appellant.

W.H. Winchester, III, Stephanie M. Gleason, Drumm, Winchester & Gleason, Sikeston, for plaintiffs-respondents.

GARRISON, Judge.

This appeal is from a judgment in an interpleader action involving reimbursement of Medicaid payments made by the Missouri Department of Social Services (Appellant) for the benefit of Jessica R. Dale (the Recipient). The issue is whether Appellant's reimbursement from the proceeds of a recovery against third parties must be reduced by a proportionate share of the attorneys' fees incurred in behalf of the Recipient in obtaining that recovery.

Appellant paid $50,015.64 for medical services provided to the Recipient. A medical malpractice suit was later filed by the Recipi-

ent, through her next friend, as well as her parents, against health care providers. In connection with those claims, they entered into a forty percent contingent fee agreement with their attorneys. The Recipient's claim was eventually settled for $166,667.00.

At the request of the Recipient and her parents, the defendants filed an interpleader by which they paid $50,015.64 in to the court. The Recipient contended that reimbursement to Appellant from the settlement should be reduced by the forty percent attorneys' fee. Appellant, on the other hand, contended that § 208.215 [1] entitles it to recover the full amount paid by it, to wit: $50,015.64, without reduction for attorneys' fees.

The trial court held that the reimbursement owing to Appellant should be reduced by a forty percent attorneys' fee, leaving a net reimbursement of $30,009.38, and it further enjoined Appellant from instituting a separate action against the Recipient or her parents for reimbursement of any additional amounts theretofore paid. On this appeal, Appellant contends that the judgment should be reversed because it is contrary to the clear language of § 208.215.7. We are not cited to a Missouri case deciding this precise point and our own research has revealed none.

Section 208.215 provides, in pertinent part:

7. The department director shall have a right to recover the full amount of payments made to a provider under this chapter because of an injury, disease, or disability for which a third party is or may be liable in contract, tort or otherwise under law or equity.

....

10. The right of subrogation provided by this section is subordinate to the lien provided by section 484.130, RSMo, or section 484.140, RSMo, relating to an attorney's lien and to the recipient's expenses of the claim against the third party.

In the instant case, there is no dispute as to the facts. Rather, the only issue involves interpretation of § 208.215. In cases concerning statutory construction, our Supreme Court said in *Metro Auto Auction v. Director*

*of Revenue,* 707 S.W.2d 397, 401 (Mo. banc 1986):

> The primary rule of statutory construction is to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning. [Citation omitted.] Where the language is clear and unambiguous, there is no room for construction. This Court must be guided by what the legislature said, not by what the Court thinks it meant to say....

*See also Jones v. Director of Revenue,* 832 S.W.2d 516, 517 (Mo. banc 1992); *Brownstein v. Rhomberg–Haglin & Associates,* 824 S.W.2d 13, 15 (Mo. banc 1992). In such instances, "application ... of the statute, rather than construction, is all that is required." *Russell v. State,* 597 S.W.2d 694, 697 (Mo.App.W.D.1980).

■ In our opinion, § 208.215.7 is clear and unambiguous. It states unequivocally that the "director shall have a right to recover the *full amount* of payments made to a provider." (Emphasis ours.) If the legislature had intended otherwise, it could easily have so provided. For instance, § 287.150.3, RSMo Cum.Supp.1993, concerning workers' compensation benefits provides for reimbursement to the employer from a third-party recovery made by the employee. It provides that "[w]henever recovery against the third person is effected by the employee or his dependents, the employer shall pay from his share of the recovery a proportionate share of the expenses of the recovery, including a reasonable attorney fee." The lack of similar language in § 208.215 militates against the interpretation urged by the Recipient in the instant case.

Section 208.215.10, which provides that the right of subrogation is subordinate to a lien for an attorney's fee and the recipient's expenses, does not require the result urged by the Recipient. The Black's Law Dictionary (6th ed.) defines "subordinate" as:

> Placed in a lower order, class, or rank; occupying a lower position in a regular descending series; inferior in order, na-

1. All statutory references are to RSMo Cum. Supp.1992, unless otherwise noted.

ture, dignity, power, importance, or the like; belonging to an inferior order in classification, and having a lower position in a recognized scale; secondary, minor.

See *Ganaway v. Dept. of Social Services,* 753 S.W.2d 12 (Mo.App.W.D.1988), which applied § 208.215.10 to include expenses incurred by the attorney as part of the attorney's lien and which treated "subordinate" as requiring payment of the attorney's lien first out of any recovery.

■ The Recipient acknowledges that § 208.215 does not state that Appellant's recovery is to be reduced by a proportionate share of the attorneys' fees incurred, but contends that equitable principles require that interpretation. She argues that pursuant to § 208.215.1 and .2, Appellant is subrogated to the right of a recipient in whose behalf public assistance has been granted and has the right to bring an action to recover the amounts paid. She theorizes that the exercise of those subrogation rights would necessarily entail expense, thereby reducing the net recovery of Appellant. We are not, however, at liberty to construe a statute which is, by its terms, clear and unambiguous in order to achieve an equitable result. Correction of this result must be achieved, if at all, by the legislature.

The judgment is reversed and we hereby enter a judgment in favor of Appellant for the entire sum of $50,015.64 which was paid in to court.

FLANIGAN, P.J., and PREWITT, J., concur.