STRUCTURE AND DESIGN,
UNLIMITED, INC.,
Respondent,

v.

CONTEMPORARY CONCEPTS
BUILDING AND DESIGN, INC., and
Ozark Gardens Apartments, L.L.C.,
Appellants.

No. WD 63682.

Missouri Court of Appeals,
Western District.

Dec. 28, 2004.

Michael Carter, Ronald Carpenter, Camdenton, for Appellant.

Lewis Z. Bridges, Lake Ozark, for Respondent.

PAUL M. SPINDEN, Judge.

The parties to this lawsuit are disputing a mechanic's lien that Structure and Design Unlimited, Inc., attached to an apartment building in Miller County. As the contractor overseeing the building's relocation 800 yards to a new tract, Contemporary Concepts Building and Design, Inc., contracted in 2001 with Structure and Design to split the building into three units for the move and to reattach the units after the move. Contemporary Concepts terminated the contract before the project was complete on the ground that Structure and Design breached the contract by overcharging for labor.

After deciding that Structure and Design was over-charging, Contemporary Concepts refused to pay it the final two installments under the contract. Structure and Design filed a mechanic's lien for $71,059.23 on the building, owned by Ozark Gardens Apartment, L.L.C. Structure and Design also sued Contemporary Concepts, Ozark Garden, Central Bank of the Lake of the Ozarks, which held a mortgage interest in the building, and John Curran, trustee. Structure and Design dismissed its action against Central Bank and Curran, and, after trial, the circuit court entered judgment for Structure and Design but assessed damages at $34,151.23. The circuit court vitiated Structure and Design's lien on the building because the lien did not contain a "just and true account," and the circuit court rejected Structure and Design's request for attorney fees and interest.

Structure and Design appeals. We affirm the portion of the circuit court's judgment vitiating Structure and Design's lien. We reverse the circuit court's judgment and remand for it to enter a proper assessment of damages for breach of contract.

## 1. "Just and True Account"

The circuit court vitiated Structure and Design's lien on the ground that the lien did not contain a "just and true account." For Structure and Design to obtain a lien on the building, Section 429.080, RSMo 2000, required it to file

with the circuit court clerk, "within six months after the indebtedness shall have accrued[,] ... a just and true account of the demand due [it] after all just credits have been given[.]" The circuit court concluded that Structure and Design's lien did not contain a just and true account:

> [Structure and Design] included within its lien statement charges for rental property, which are not lienable items. (429.080 RSMo) In addition, the uncontradicted testimony at trial was that there were overbilled hours of $4,082.00 that were not related to this ... project (the work was actually done for Prewitt's Highway 54 Enterprises); that all hours shown on the lien statement were not correct ([Structure and Design's employee,] Diana Harrison[,] testified that she just didn't write in the correct name but put "new laborers" hours under "prior laborers" names[)]; that [Structure and Design] had agreed not to charge for any work done after September 21, 2003, [sic] and in fact did charge for work performed September 24, 2001–September 28, 2001.

Competent and substantial evidence supports the circuit court's judgment. In reviewing a decision concerning mechanic's liens, we are obligated to affirm the circuit court's judgment "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law." *Commercial Openings, Inc. v. Mathews,* 819 S.W.2d 347, 349 (Mo. banc 1991) (quotation omitted).

■ The circuit court correctly focused on whether or not Structure and Design's lien set forth a just and true account of the $71,059.23 that it claimed for the project. Without a just and true account, a lien claimant has no rights. *See Sears, Roebuck and Company v. Seven Palms Motor Inn, Inc.,* 530 S.W.2d 695,

698 (Mo. banc 1975). The General Assembly did not define "just and true," and the courts have not been exacting in explaining their interpretations of the term. This court's Eastern District has set out the most definitive definition: "A lien statement may be regarded as just and true if it contains mistakes or errors of omission, as long as those inaccuracies are unintentional and are the result of honest inadvertence, accident, or oversight, and do not result from deliberate intention or design." *Dave Kolb Grading, Inc. v. Lieberman Corporation,* 837 S.W.2d 924, 933 (Mo.App. 1992). Including nonlienable items does not necessarily vitiate the entire lien so long as the nonlienable items were included by honest mistake and can be separated from the lienable items. *Sears,* 530 S.W.2d at 698–99. The lienor bears the burden of proving that mistakes or omissions were "due to an honest mistake." *City–Wide Asphalt Company, Inc. v. Industrial Paving, Inc.,* 838 S.W.2d 480, 482 (Mo.App.1992).

■ Rental equipment is not subject to a mechanic's lien. *Bush Construction Machinery, Inc. v. Kansas City Factory Outlets, L.L.C.,* 81 S.W.3d 121, 126 (Mo.App. 2002). Structure and Design acknowledges that it wrongly included rental equipment in its mechanic's lien, but it argues that its lien should be enforced because no one established that it had acted intentionally. Structure and Design misperceives the law. As the mechanic's lien claimant, Structure and Design had the burden of proving that it included rental equipment by honest mistake. *City–Wide Asphalt,* 838 S.W.2d at 482. Structure and Design did not produce any evidence that its error resulted from honest inadvertence.

Structure and Design failed to carry its burden. Because substantial evidence supported the circuit court's determination

that Structure and Design's lien did not contain a just and true account, we affirm that portion of the judgment vitiating Structure and Design's lien.

## 2. Damages

Structure and Design next argues that substantial evidence did not support the circuit court's assessment of only $34,151.23 in damages, rather than granting its prayer for $68,771.23. The circuit court explained that it reduced the award because Structure and Design had charged too much.

■ First, the circuit court reduced the judgment by $12,903 because Structure and Design had billed laborers at $26 an hour rather than the agreed-upon rate of $23 an hour. Byno Davidson, who was Structure and Design's lead carpenter during this project and who supervised workers on the job site, testified that, based on his knowledge of the workers' knowledge and skill levels, several of the workers billed as carpenters were laborers or less skilled than others billed at the carpenter rate. In addition, Structure's lien claim provided hourly totals billed for each individual worker. This was enough evidence to support the circuit court's decision.

Next, the circuit court reduced the award by $1,870 for charges related to work Structure and Design did on an unrelated project. This reduction appears to be a mistake. Structure and Design originally prayed for $71,059.23. At trial, Structure and Design acknowledged several billing errors, including $1,870 improperly invoiced and $416 improperly billed for a worker. Structure and Design reduced the amount requested to $68,771.23 to credit Contemporary Concepts for these billing errors. Thus, the circuit court erred by further reducing the $68,771.23 by $1,870.

Third, the circuit court reduced the award by $5,000 because they were for charges for work done the week after the project was terminated. Structure and Design's brief does not address this reduction, so we do not.

■ Fourth, the circuit court reduced its judgment by $6,250, the amount that Structure and Design charged for work performed by Lester Pomykala on the project. According to Structure and Design's time records, Pomykala worked eight hours a day on nearly every day of the project, but Davidson testified that Pomykala did only "a little bit of work [on the job site]." Other evidence indicated that Pomykala did not work on the project. Structure and Design contended that this discrepancy resulted from its use of "floating men," or temporary workers whose names were not added to Structure and Design's books but who would work when named workers were not present. Structure and Design asserted that it would credit the regular employee with the hours on paper, but it would pay the floating man rather than the named worker. The circuit court, however, was not obligated to believe Structure and Design's explanation. Evidence supported the circuit court's decision to reduce Structure and Design's judgment by amounts charged for Pomykala's work.

■ Fifth, the circuit court reduced the judgment by $6,000, the amount charged for worked performed by Michael Strumsky, Structure and Design's president, when he was not on the job site. The circuit court heard evidence that, although Structure and Design billed for Strumsky's time at eight hours a day every day of the project, Strumsky was on site for only a few hours each day after the first several weeks. Although Strumsky testified that he worked 60 to 70 hours each week and that he left the job site

frequently to pick up materials, the circuit court, as the arbiter of witness credibility, was free to disbelieve this testimony and to believe instead evidence that supported its reducing Strumsky's billed hours from 601 to 401.

■ Finally, the circuit court refused to award to Structure and Design $2,597, the cost of renting nonlienable tools and equipment. The circuit court erred. Although Structure and Design cannot get a lien for rental equipment, Contemporary Concepts can still be responsible for Structure and Design's costs in renting the equipment. "A lien is a charge on property ... for payment or discharge of a debt or duty." *Ford Motor Credit Company v. Allstate Insurance Company*, 2 S.W.3d 810, 812 (Mo.App.1999) (emphasis omitted). The lien is separate from, and subsequent to, the question of whether payment is due. Thus, Contemporary Concepts may owe Structure and Design for Structure and Design's expenses incurred in renting equipment even though Structure and Design cannot obtain a lien for those expenses. Otherwise, the circuit court could not reject the lien and still enter judgment for Structure and Design. Thus, the trial court erred as a matter of law in reducing the judgment by $2,597, the cost of the nonlienable rental equipment.

The circuit court, therefore, erroneously reduced the judgment by $4,467. This amount should be added to Structure and Design's judgment for a total of $38,618.23. We reverse the portion of the circuit court's judgment assessing damages and remand so that it can enter the proper amount.

## 3. Interest

■ Structure and Design argues that the circuit court should have awarded it with prejudgment interest because its contract with Contemporary Concepts entitled it to interest on unpaid balances. Prejudgment interest is not a matter of right but "must be based upon either a statute or a contract, either express or implied." *McKinney v. State Farm Mutual Insurance*, 123 S.W.3d 242, 246 (Mo. App.2003). In addition, prejudgment interest can be awarded only for liquidated claims. *Miller v. Gammon & Sons, Inc.*, 67 S.W.3d 613, 624 (Mo.App.2001). "To be liquidated, the claim must be 'fixed and determined or readily ascertainable by computation or a recognized standard.'" *Id.* (quoting *J.R. Waymire Company v. Antares Corporation*, 975 S.W.2d 243, 248 (Mo.App.1998)). Merely denying liability does not render a claim unliquidated. *Lucent Technologies, Inc. v. Mid-West Electronics, Inc.*, 49 S.W.3d 236, 246 (Mo.App. 2001).

■ Structure and Design's contract provided for an eighteen percent interest rate on unpaid balances. Because Contemporary Concepts did not pay the final two invoices, it had an outstanding balance, but Contemporary Concepts disputed these amounts on the ground that Structure and Design had over-charged for labor. Disputing a claim does not necessarily render it unliquidated. *Id.* Structure and Design's claims were, nevertheless, unliquidated.

Contemporary Concepts is not responsible for prejudgment interest on an indefinite, disputed sum. Structure and Design's contract did not include a definite sum to be paid. *See Watters v. Travel Guard International*, 136 S.W.3d 100, 111 (Mo.App.2004) (damages on breach of contract claim were liquidated when contract amount was $2,202 and the defendant had refunded $1,757, leaving the remainder in dispute); *R.J.S. Security, Inc. v. Command Security Services, Inc.*, 101 S.W.3d 1, 14 (Mo.App.2003) (balance due under note was liquidated sum); *Miller*, 67

S.W.3d at 625 (rental payments due under lease were fixed and ascertainable); *J.R. Waymire,* 975 S.W.2d at 248 (payments due under listing agreement between vendor and agent were fixed and certain). Each invoice varied depending on the hours worked by Structure and Design's workers.

Structure and Design should, however, receive prejudgment interest on amounts billed to Contemporary Concepts for materials. Although Structure and Design's final two invoices were for labor mainly, the final invoice charged $2,652.55 for materials. This sum was liquidated. Contemporary Concepts refused to pay this part of the invoice, too, but did not present any reasons why this portion was invalid. Contemporary Concepts does not argue that the suppliers over-charged or that the materials were not used in the project; therefore, Structure and Design should receive prejudgment interest for material charges occurring before the September 21 project end date. Because three of the material charges occurred after September 21, Structure and Design should receive prejudgment interest on $2,325.50 only. Interest should be calculated from November 1, 2001. On remand, the circuit court can enter an order consistent with this conclusion.

### 4. Attorney Fees

The circuit court did not abuse its discretion by refusing to award attorney fees. Attorney fees are proper only when a contract or statute provides for the award, or when circumstances and equity require it, "or where the fees are incurred because of participation in collateral litigation." *American Property Maintenance v. Monia,* 59 S.W.3d 640, 645 (Mo.App.2001). The circuit court has broad discretion to award attorney fees, and we will reverse its decision only when the circuit court abuses its discretion. *Williams v. Fi-* *nance Plaza, Inc.,* 78 S.W.3d 175, 184 (Mo. App.2002). We do not discern an abuse of discretion in this case.

Structure and Design argues that it should receive attorney fees under Section 431.180, RSMo 2000, which says that "[t]he court may ... award ... reasonable attorney fees[ ] to the prevailing party." This statute merely accords the circuit court with discretion to award attorney fees. Structure and Design has not demonstrated that the circuit court abused its discretion in refusing to award attorney fees; therefore, we affirm its decision.

We affirm that portion of the circuit court's judgment rejecting Structure and Design's lien and refusing to grant attorney fees. The circuit court erred in awarding $34,151.23 in damages to Structure and Design on its breach of contract claim, and we reverse that portion of the judgment and remand so the circuit court can increase its award by $4,467. Moreover, the circuit court should have awarded prejudgment interest on $2,325.50 to Structure and Design, and, on remand, the circuit court shall provide for it.

HAROLD L. LOWENSTEIN, Presiding Judge, and JAMES M. SMART, JR., Judge, concur.