John H. LAKE, Appellant,

v.

Ronald LEVY, Director, Missouri Department of Social Services, Respondent.

No. WD 74306.

Missouri Court of Appeals, Western District.

Jan. 15, 2013.

As Modified March 5, 2013.

Before Division Two: KAREN KING MITCHELL, Presiding Judge, MARK D. PFEIFFER, Judge and GARY D. WITT, Judge.

GARY D. WITT, Judge.

This appeal involves the question of how to prioritize two competing liens on workers' compensation proceeds. John Lake appeals the judgment of the Circuit Court of Cole County, which granted judgment on the pleadings in favor of Department of Social Services. Because Lake's attorney fee lien had statutory priority over the Department's lien for Medicaid reimbursement and because paying the portion of the attorney fee lien attributable to the award of medical expenses out of the medical expenses portion of the award does not result in the State paying the fees or in a reduction of the debt owed the Department, we reverse and remand for further proceedings.

## Factual Background

John Lake ("Lake") is a licensed attorney who represented Kenneth Stephenson ("Claimant") in a workers' compensation claim. The claim was tried before an administrative law judge ("ALJ") on a Joint Submission of Stipulated Facts between Claimant and his employer.[1]

The parties to the workers' compensation proceeding stipulated that Claimant suffered a thirty-eight percent (38%) permanent partial disability to the body as a whole as a result of his work-related injury and that he was entitled to $34,694 in disability compensation for that injury. Further, the stipulated facts provided that Claimant had incurred medical expenses in the amount of $45,001.73 and that the Missouri Department of Social Services ("De-

Thomas G. Pirmantgen, Jefferson City, MO, for appellant.

Rochelle L. Reeves, Jefferson City, MO, for respondent.

1. The Missouri Department of Social Services was not a party to the workers' compensation proceeding.

partment") had filed a lien in the amount of $45,001.73 to recover funds that Medicaid had paid out on Claimant's medical treatment costs for the work-related injury. The stipulated facts then provided that the employer/insurer "will issue payment in the amount of $45,001.73 directly to the Missouri HealthNet Division, Third Party Liability Unit, to resolve the Missouri Department of Social Service's lien."

On March 29, 2010, and April 13, 2010, the Labor and Industrial Relations Commission ("Commission") entered an award and an amended award in Claimant's favor, which included a twenty-five percent (25%) attorney fee award to Lake specifically on the medical expenses of $45,001 awarded to Claimant. Both awards stated that "It is my understanding that Claimant's attorney, Mr. Lake, is to pursue his attorney lien on the medical expenses with Missouri HealthNet Division, Third Party Liability Unit, Department of Social Services, and Claimant's attorney has stipulated not to pursue his attorney fee on the medical expenses against the Employer/Insurer."[2]

On May 3, 2010, Lake demanded payment of his attorney fee lien from the Department, which rejected his claim.[3] Lake then filed a two-count petition against Ronald Levy, Director of the Department, asking for judgment against the Department in the sum of $10,001.43.[4] The Department filed a motion for judgment on the pleadings, arguing that (1) the Department was not a party to Claimant's workers' compensation claim; (2) the amended award did not require the Department to do anything; (3) the ALJ lacked the authority to impose any costs of the workers' compensation proceeding on the Department and had not assessed the attorney fees to the Department; (4) section 287.266[5] prohibits the Department from paying the legal fees to Lake in these circumstances; and (5) no unjust enrichment occurred as the Department had paid the reasonable value of the benefit it received.

Lake responded and filed a counter-motion for judgment on the pleadings in which he argued that section 287.266 gives his attorney fee lien priority over the Department's lien. Further, he argued that his lien was proper pursuant to section 287.266.10, which grants the ALJ the authority to apportion debt due the State between the injured worker and the employer.

The trial court entered judgment in the Department's favor, concluding that Lake "may not enforce his lien against [the Department] as it would preclude [the Department] from recovering the full amount of its payments, thus having the effect of making the State pay a portion of the attorney fees of the employee (Claimant)."

**2.** The awards are identical but for the addition of the following language in the April 13 award, "Claimant's attorney, Mr. Lake, is to pursue his attorney lien on the medical expenses with Missouri Department of Social Services, HealthNet Division, Third Party Liability Unit, Claimant's attorney has stipulated not to pursue his attorney fee on the medical expenses against employer/insurer."

**3.** We note that the preferable mechanism for resolution would have been an interpleader action as to the disputed funds. This opinion does not reach, and thus we take no position on, the issue of whether Lake can recover the disputed funds now that they have been paid over to the State.

**4.** In his petition, Lake prayed for $10,001.43, which he equates with 25% of $45,001.73. However, 25% of $45,001.73 is in fact equal to $11,250.43.

**5.** All statutory citations are to RSMo 2000 as updated through the most recent cumulative supplement, unless otherwise indicated.

In his sole point on appeal, Lake argues the trial court erred in granting judgment on the pleadings in favor of the Department as a matter of law because the debt due the Department for medical payments is lower in priority and overridden by Lake's attorney fee rights, in that section 287.266.7 states with respect to Lake's lien rights: "[t]his debt due the state shall be subordinate only to the fee rights of the injured employee's attorney pursuant to this chapter...."

## Standard of Review

■ "The question presented by a motion for judgment on the pleadings is whether the moving party is entitled to judgment as a matter of law on the face of the pleadings." *Eaton v. Mallinckrodt, Inc.*, 224 S.W.3d 596, 599 (Mo. banc 2007) (quoting *RGB2, Inc. v. Chestnut Plaza, Inc.*, 103 S.W.3d 420, 424 (Mo.App. S.D. 2003)). "The well-pleaded facts of the non-moving party's pleading are treated as admitted for purposes of the motion." *Eaton*, 224 S.W.3d at 599 (citing *State ex rel. Nixon v. Am. Tobacco Co.*, 34 S.W.3d 122, 134 (Mo. banc 2000)). "Judgment on the pleadings is appropriate where the question before the court is strictly one of law." *Id.* (citing *RGB2*, 103 S.W.3d at 424).

■ When the motion for judgment on the pleadings is based on a failure to state a claim under Rule 55.27(a)(6) and (b), we review *de novo*. *Hansen v. Ritter*, 375 S.W.3d 201, 205 (Mo.App. W.D.2012) (citations omitted). "In reviewing the dismissal of a petition, the sole issue to be decided is whether, after allowing the pleading its broadest intendment, treating all facts alleged as true and construing all allegations favorably to the plaintiff, the plaintiff is entitled to relief." *Id.* " 'If the petition sets forth any set of facts that, if proven, would entitle the plaintiff to relief, then the petition states a claim.' " *Id.* We review the law only to ascertain whether Lake's interpretation is viable, thereby stating a claim for relief in his petition. If Lake's petition states a claim upon which relief can be granted, then judgment on the pleadings was not appropriate.

## Analysis

In analyzing whether Lake has failed to state a claim, we begin by accepting as true all facts alleged in Lake's petition. *Eaton*, 224 S.W.3d at 599. The facts as alleged by Lake are, *inter alia*, that (1) he was awarded a 25% attorney fee lien on medical expenses by the ALJ for his work in obtaining a workers' compensation recovery for Claimant; and (2) section 287.266.7 forms the basis of his claim for an attorney fee lien. In support of his petition, Lake attached copies of the March 29, 2010 workers' compensation award he obtained.

■ As a threshold issue, we address the concern of whether Lake failed to state a claim upon which relief could be granted on the ground that the Department was not a party to the underlying workers' compensation dispute where Claimant was awarded disability compensation and medical treatment costs. The procedural history indicates that the funds representing the Medicare lien were turned over to the Department for reimbursement of the medical expenses it paid on behalf of Claimant, even though the Department was not a named party to the underlying proceeding.

Analyzing whether Lake set forth a claim upon which relief could be granted requires careful consideration of the law establishing liens. We note first that the Department's lien and the attorney lien both attach to and follow the proceeds of the action. *Wright v. Bartimus, Frickleton, Robertson & Gorny*, 364 S.W.3d 558, 566 (Mo.App. W.D.2011). Either lien may

be enforced in a separate action in equity. *Id.* at 567; *Plaza Shoe Store, Inc. v. Hermel, Inc.*, 636 S.W.2d 53, 56 (Mo. banc 1982). As a third-party creditor, there is no reason that the Department must be added as a party to every workers' compensation case where the claimant has previously received state benefits. Chapter 287 addresses the role of the Department and simply requires the Department be notified by the claimant's attorney of a pending workers' compensation claim and the Department then notifies the attorney of the amount of its lien. § 287.266.9. The lien is then paid from the proceeds of the claim. If neither lien holder participates in the original action, either may bring an action in equity to enforce its lien against the proceeds of the underlying workers' compensation claim. The latter is what Lake has done in this matter.

▪ "The lien is separate from, and subsequent to, the question of whether payment is due." *Structure and Design, Unltd., Inc. v. Contemporary Concepts Bldg. and Design, Inc.*, 151 S.W.3d 904, 909 (Mo.App. W.D.2004). Even if only a portion of the amount owed is subject to the lien, the judgment should include the entire amount owed and then a determination is made as to the portion, if any, of that judgment that is subject to the lien. *Id.* "A lien is a charge on property for payment or discharge of a debt or duty." *Marvin's Midtown Chiropractic Clinic, L.L.C. v. State Farm Mut. Auto. Ins. Co.*, 142 S.W.3d 751, 754 (Mo.App. W.D.2004) (citation omitted). A lien is not an assignment of the underlying claim and gives the lien holder no power to control or influence the underlying action. *Id.* at 755. The lien attaches to the proceeds of a settlement or judgment in the underlying claim. *Ford Motor Credit Co. v. Allstate Ins. Co.*, 2 S.W.3d 810, 812 (Mo.App. W.D.1999).

▪ Many statutory liens are enforced against monetary proceeds of a legal action even though the person asserting the lien was not a party to the underlying action that established the proceeds or property. Examples include Medicaid liens (chapter 208), and hospital liens (chapter 430). In fact, in some circumstances, the lien holder may not be entitled to intervene in the underlying action because such intervention is not required to protect its lien interests. *Kinney v. Schneider Nat'l Carriers, Inc.*, 200 S.W.3d 607, 612 (Mo.App. W.D.2006). Thus, enforcement of the lien does not hinge on whether the person or entity was a party to an underlying action that procured a monetary recovery; the lien holder has multiple methods to protect its interests in the proceeds of the underlying suit. *Id.*

▪ "The party claiming a statutory lien bears the burden of proving compliance with essential elements of the lien statute at issue." *Altom Const. Co., LLC v. BB Syndication Servs., Inc.*, 359 S.W.3d 146, 153 (Mo.App. S.D.2012) (citation omitted).

Pursuant to section 484.130, Lake had an attorney lien from the commencement of the action:

> The compensation of an attorney or counselor for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor, and the proceeds thereof in whosesoever hands they may come; and cannot be affected by any settlement between the parties before or after judgment.

Lake's lien arose at the time he filed the workers' compensation claim on behalf of Claimant seeking the medical expenses award because of his work in procuring the award. Because the Department need not have been a party to that proceeding, Lake has subsequently stated a claim upon which relief can be granted.

■ We move next to the question of which lien has priority, Lake's lien for attorney fees or the Department's lien for reimbursement of Medicaid. There is no dispute as to the amount of the award received by Claimant, nor is there a dispute about the fact that the Department received 100% of the debt it claimed it was due for Medicaid reimbursements on behalf of Claimant. The Department does not dispute that, at the time it received the funds, it had notice that Lake claimed that the funds were subject to his attorney lien in the amount of 25%.

While 287.266 appears on its face to grant the Department a lien against *all* funds payable to the employee on the underlying workers' compensation claim, the United States Supreme Court has held that the Department's Medicaid lien *only applies to the portion of the recovery that represents medical expenses. Ark. Dept. of Health and Human Services v. Ahlborn,* 547 U.S. 268, 280–81, 126 S.Ct. 1752, 164 L.Ed.2d 459 (2006). The Department has acknowledged this fact in its Notice of Lien, which on its face clearly states that the Department's lien only applies to any money received for medical expenses from the workers' compensation recovery. Therefore, the Department's lien is applicable only to the $45,001.73 portion of the workers' compensation award representing medical benefits.

What is disputed is whether section 287.266 prioritizes Lake's attorney fee lien over the Department's lien on the portion of the recovery attributable to medical expenses. Lake argues one interpretation of the statute in asserting the priority of his fee; the Department argues another. For convenience, the relevant portions of the statute are set out as follows:

**Payments made to public assistance recipients to be a debt due state, recovery by state—attorney's fees—assignment of rights—apportionment by judge, when.**

287.266.

6. The department shall have a right to recover the full amount of its payments when payments are made to a provider under this chapter if the payments were made on behalf of a person eligible for public assistance for an injury, occupational disease, or disability which is compensable under this chapter.

7. This debt due the state shall be subordinate only to the fee rights of the injured employee's attorney pursuant to this chapter, and the state shall not be required to pay any portion of the fees or costs incurred by the employee or the employer.

\* \* \*

10. The administrative law judge, pursuant to authority granted under section 287.610, shall apportion the debt due the state between the injured worker and the injured worker's employer or their designated representatives when an agreement cannot be reached regarding the respective liability for money expended by the department of social services on behalf of the injured employee, but in no case shall the debt due the state be reduced.

The issue of the proper interpretation of the statute is a question of law and subject to *de novo* review. *Spradling v. S.S.M. Health Care St. Louis,* 313 S.W.3d 683, 686 (Mo. banc 2010). "The seminal rule of statutory construction is to ascertain the

intent of the legislature from the language used and to consider the words used in their plain and ordinary meaning." *Turner v. Sch. Dist. of Clayton,* 318 S.W.3d 660, 665 (Mo. banc 2010) (citing *State ex rel. Unnerstall v. Berkemeyer,* 298 S.W.3d 513, 519 (Mo. banc 2009)). "It is presumed that the legislature intended that every word, clause, sentence, and provision of a statute have effect. Conversely, it will be presumed that the legislature did not insert verbiage or superfluous language in a statute." *Unnerstall,* 298 S.W.3d at 519 (quoting *Hyde Park Hous. P'ship v. Dir. of Revenue,* 850 S.W.2d 82, 84 (Mo. banc 1993)).

The perceived conflict is among sections 287.266.6, 287.266.7 and 287.266.10. Section 287.266.6's broad proviso is that that "[t]he department shall have a right to recover the full amount of its payments when payments are made to a provider under this chapter if the payments were made on behalf of a person eligible for public assistance for an injury, occupational disease, or disability which is compensable under this chapter." Both parties rely on section 287.266.7, which states that the "debt due the state shall be subordinate only to the fee rights of the injured party's attorney pursuant to this chapter, and the state shall not be required to pay any portion of the fees or costs incurred by the employee or the employer." Lake argues that the first half of the provision, prohibiting attorney fees from being subordinated, is key to his recovery of attorney fees from the funds sent to the Department for its Medicare reimbursement. In contrast, the Department argues that reimbursing Lake would result in the Department paying part of Lake's attorney fees, in contradiction to the second half of the provision. The Department further relies on section 287.266.10, which states that "in no case shall the debt due the state be reduced." The Department argues that if Lake's lien

takes priority over that of the Department, reducing its lien by 25%, the debt due the State would be reduced by that amount and thus the State would be required to pay a portion of the fees incurred by the employee.

The Department's specific argument is that "[t]he import of the statute when read in its entirety is that the Department should be made whole for any medical expenses it incurs and pays on behalf of a public assistance recipient for an injury that is compensable through workers' compensation." Section 287.266.6 does state that the Department has a right to recover the "full amount" of its payments but the very next sub-section, 287.266.7, requires that a lien for the claimant's attorney fees has priority over the Department's recovery. We do not believe the legislature, which enacted both provisions in the same section and in the same bill, intended that these two subsections should be read in such a way as to place them in conflict. "[S]tatutory provisions are 'not read in isolation but [are] construed together, and if reasonably possible, the provisions will be harmonized with each other.'" *Brinker Mo., Inc. v. Dir. of Revenue,* 319 S.W.3d 433, 437 (Mo. banc 2010) (quoting *Bachtel v. Miller Cnty. Nursing Home Dist.,* 110 S.W.3d 799, 801 (Mo. banc 2003)).

When section 287.266 is read in full, it is clear that section 287.266.7 demands effect: that "the debt due the state *shall be subordinate* only to the fee rights of the injured employee's attorney." *Id.* (emphasis added). Black's Law Dictionary (9th ed.) defines "subordinate" as "Placed in or belonging to a lower rank, class, or position <a subordinate lien>." The language is clear and unambiguous that the legislature intended the fee rights of the claimant's attorney to take priority over the debt due to the State in cases where there are insufficient funds to pay both liens in

full. The statute is equally clear, that the "debt" due the State shall not be reduced. Subordinating the State's lien to that of the attorney does not "reduce" the "debt" due to the State. Nor does prioritizing the attorney fee lien over that of the State mean that the State is paying any portion of the fee. This is true because if the State's lien is not paid in full, the unpaid portion of the debt remains and the State may attempt to collect that portion through other means available to it through the laws applicable to the Medicaid program. *See* Section 473.398.

Granting the attorney fee lien a higher priority does not mean the Department takes upon itself any portion of those attorney fees, but only that the claimant's attorney has a higher priority lien on the monies received for medical payments recovered through a workers'. compensation claim. The Department would have us interpret the final portion of section 287.266.7 to mean that giving the lien for attorney fees priority over the Medicaid lien would be tantamount to the State paying a "portion of the fees or costs incurred by the employee or employer." To interpret the statute in this fashion would render the first part of section 287.266.7 meaningless; this we cannot do. *See AG Processing, Inc. v. S. St. Joseph Indus. Sewer Dist.*, 937 S.W.2d 319, 324 (Mo.App. W.D.1996).

In summary, we find that the two subsections can be read in harmony and not in conflict. The "debt due the state" from the employer and/or his insurer is not *reduced* by giving priority to a lien for attorney fees for a certain portion of that debt. It is simply a matter of prio-

ritization of recovery from a limited fund. Attorneys who represent claimants in workers' compensation matters perform a service that ultimately benefits the Medicaid program and the Department, in that it is the claimant's attorney who pursues payment of medical expenses with the employer/insurer. The legislature has prioritized attorney liens over the debt due the Department; this determination is understandable from a policy standpoint in that the legislature has used section 287.266 to incentivize claimants' attorneys to pursue Medicaid reimbursement for the benefit of the State. Without claimants' attorneys willing to pursue these claims, the Department would suffer from loss of reimbursement, as the Department has no independent right under chapter 287 to bring an action on behalf of the injured worker to recover medical expenses paid out on his or her behalf.[6]

The Department's arguments ignore the fact that in other workers' compensation cases, there are factual scenarios in which some medical claims involved in the case may have been paid through the Department's Medicaid program, some may have been paid by the employer's workers' compensation insurance company, some may have been paid by an uninsured employer individually, some may have been paid by the employee out of his or her own pocket, some may have been paid by a health insurance plan, and some may remain unpaid as of the time of the workers' compensation award. In these scenarios, disputes may arise as to whether some or all of these medical expenses were reasonable and necessary to treat the work-related injury and, if so, whether the amounts

---

6. Section 287.266.5 says the Department "may maintain an appropriate action to recover funds due under this section pursuant to the workers' compensation law or the second injury fund" but, as acknowledged by the Department at oral argument, this only refers to an action for recovery after an award has been entered on the underlying workers' compensation claim.

charged for that treatment were reasonable. All of these entities may have claims to some portion of the amount awarded for the reasonable and necessary expenses of the claimant's medical care arising from the work-related injury.

To address these scenarios, the statute clearly establishes the priority of the various claims on the total amount awarded for medical expenses in the workers' compensation claim. The first priority is the claimant's attorney fees because, without the efforts of the attorney, none of the others would be recovering any amount. The second priority is for the total amount of the Department's Medicaid lien. The remaining entities with valid claims, the entities which are entitled to recover for medical expenses incurred on behalf of the claimant for the work-related injury, could then assert their claims against the remaining amounts, if any.

Read and construed as a whole, section 287.266.7 grants priority to an attorney lien over the lien for the debt due the Department as to the proceeds of the workers' compensation award. It does not logically follow that in a case where there are insufficient funds in the award of medical expenses to pay the claimant's attorney lien in full and also the Department's Medicaid lien in full that this somehow means that the Department is paying a portion of the claimant's attorney fees. It only means that there were not enough funds to pay both liens, and the Department receives from the workers' compensation award only the amounts remaining after the claimant's attorney fee lien has been satisfied. The Department is not paying the attorney fee; it is merely receiving less than the total amount of its lien because there are insufficient funds to pay

the higher priority lien in full and also pay the Department's lien in full. The amount of the debt owed to the Department that remains unpaid is still subject to collection by the Department through mechanisms otherwise available under the Medicaid program. *See* Section 473.398.

We acknowledge the trial court's and the Department's reliance on *Dale By and Through Dale v. Gubin*, 879 S.W.2d 699, 700–01 (Mo.App. S.D.1994). In *Dale*, a Medicaid recipient had a contingent fee agreement with her attorney in a medical malpractice action on her behalf. *Id.* at 700. After settling the medical malpractice action for a lump sum of $166,667.00, the recipient contended that reimbursement for the Department's Medicaid lien of $50,015.64 should be reduced by a proportionate share of the attorney fee. *Id.* at 699–700. In that case, the recipient argued that equitable principles required this outcome, but the Southern District determined that the relevant statutory provisions, including section 208.215.10 (RSMo 1992),[7] unambiguously provided that the Department's lien should be paid in full and was not reduced by the percentage of the recipients attorney's fees. *Id.* at 701.

*Dale* is distinguishable from the case at bar. In *Dale*, the settlement amount was a single lump sum and did not indicate which portion of the total award was attributable to medical expenses versus other damages. There were sufficient funds in that case subject to the various liens to pay the Department's Medicaid lien in full as well as the attorney lien in full. But under *Ahlborn*, which was decided two years after *Dale*, the Department's lien was enforceable only against the portion of

---

7. While *Dale* was interpreting a different statute than the statute applicable to this matter, the language of the two statutes is similar.

the award attributable to medical expenses. 547 U.S. at 280–81, 126 S.Ct. 1752. Moreover, the Commission issued an award that specifically authorized a 25% attorney's fee against Claimant's recovery of those same medical expenses, and contemplated that this portion of Lake's fee would be recovered from the medical-expense recovery. Here, the $45,001.73 award for medical expenses was not enough to fulfill both liens in question. As such, Lake is entitled to have his lien paid first, and the Department is entitled to have its subordinate lien paid from the remainder.

As is set forth above, in the case at bar the Department's lien is not being reduced by Lake's attorney's lien; there are insufficient funds subject to the liens to pay both liens in full. Therefore, under the statute, the Department's lien is subordinate to Lake's attorney's lien, and the Department's lien is applicable to the remaining funds attributable to medical expenses after Lake's lien has been paid in full.

Because we find the trial court improperly interpreted 287.266, the trial court erred in granting judgment on the pleadings.

For the foregoing reasons, Point One is granted.

## Conclusion

Because the trial court erroneously granted the Department's motion for judgment on the pleadings, we reverse the judgment of the trial court. The procedural posture of this case does not permit us to enter judgment for either party and, instead, we must remand for further proceedings before the trial court. On remand it will be up to Lake to establish that he has complied with the essential elements of the lien statute at issue and that

he can collect from the State the funds that have been previously paid to the Department.

We reverse the trial court's judgment and remand this case for further proceedings consistent with this opinion.

All concur.